(December 20, 1905.)

KERNS v. MORGAN, JUDGE. CALIFORNIA CONSOLI-
DATED MINING COMPANY v. MORGAN, JUDGE.

[83 Pac. 954.]

EX PARTE ORDER—APPLICATION FOR ORDER BY STRANGER TO ACTION OR
PROCEEDING—NOTICE REQUIRED—VOID ORDER—VACATION OF VOID
ORDER—JUDGMENT ON APPEAL FINAL.

1. Where a stranger to an action or proceeding, who has not inter-
vened and has never been made a party by order of court or in any
manner recognized by the statute or rules of practice, files a petition
and obtains an *ex parte* order without notice to any of the original
parties to the action or proceeding or any person interested therein,
*held,* that the order so procured is a nullity and void.

2. The provisions of section 4229 of the Revised Statutes, that:
"The court may likewise, in its discretion, after notice to the ad-
verse party . . . . relieve a party or his legal representative from a
judgment, order or other proceeding taken against him through his
mistake, inadvertence, surprise or excusable neglect; and . . . .
may grant the relief upon application made within a reasonable time,
not exceeding six months after the adjournment of the term," do
not apply to judgments and orders which show upon their face that
they are nullities and void, and in such case the void order may
be vacated after the lapse of more than six months after adjourn-
ment of the term.

3. After a case, wherein the district court granted a perpetual
injunction, has been reversed on appeal and the injunction ordered
dissolved by the appellate court, the district court has no power or
authority to again issue an order in the same case which will have
the same effect, for a time at least, as the original judgment which
has been reversed.

(Syllabus by the court.)

ORIGINAL application by A. G. Kerns, receiver of the
property of the Coeur d'Alene Bank, insolvent, to review the
action of Hon. R. T. Morgan, District Judge, in making an
order recalling an execution and restraining its further exe-
cution. Order vacated and annulled. Also original applica-
tion by the California Consolidated Mining Company, a cor-
poration, for a writ of *certiorari* to review the action of
Hon. R. T. Morgan, District Judge, in making an order vacat-
ing and setting aside a previous void order. Writ quashed.

J. H. Forney, W. W. Woods, John P. Gray and H. S. Gray, for Plaintiff A. G. Kerns, Receiver.

W. E. Borah, M. A. Folsom, A. H. Featherstone and Hamlin, Lund & Gilbert, for Plaintiff California Consolidated Mining Company.

No briefs filed.

### STATEMENT OF FACTS.

This is a continuation of the case of *California Consolidated Mining Company v. Manley,* heretofore decided by this court and reported in 10 Idaho, 786, 81 Pac. 50. While that case was pending in this court on appeal, Joseph P. Keane filed his petition in the district court, in and for Shoshone county, as manager of the California Consolidated Mining Company, and on its behalf praying for an order permitting his company to deposit the sum of $6,000 with the court, or in such bank as the court might designate, and subject to the control and orders of the court to be applied on certain conditions, in full payment and satisfaction of the judgment and lien held by Abner G. Kerns, as receiver of the Coeur d'Alene Bank, against George B. McAulay and Van B. DeLashmutt. This judgment held by the receiver was for the sum of $58,-950.76, besides interest. Keane's petition was entitled, "*Geo. B. McAulay and Van B. De Lashmutt, Plaintiffs, vs. The Coeur d'Alene Bank, Defendant.* In the Matter of the Receivership of the Coeur d'Alene Bank, a Corporation and Insolvent Debtor." In this petition is set out considerable of the history of the litigation as narrated in *California Consolidated Min. Co. v. Manley, supra,* and especially the order of June 24, 1901, made by the Honorable A. E. Mayhew, district judge, authorizing a compromise and settlement of the claim of the receiver against McAulay and De-Lashmutt, for the sum of $6,000. The petitioner then states that Kerns, the receiver, had appealed to the supreme court from the order and judgment granting a perpetual injunction against the sale of the thirteen-sixteenths interest in the California lode claim, and that the appeal was then

pending in the supreme court, and that the entire outstanding indebtedness of the Coeur d'Alene Bank was at that time less than $6,000. Here follows the prayer of this extraordinary petition:

"Your petitioner therefore respectfully prays that the court will make an order that whenever the said California Consolidated Mining Company shall deposit the sum of $6,000 in such bank or banks as the court may direct, said sum to be and remain in said bank or banks, subject to the order of the court, until the final determination of the appeal in the case of the *California Consolidated Mining Company, a Corporation, v. Charles Manley, as Sheriff, etc., and Abner G. Kerns, Receiver, etc.,* and in event the courts finally decide that the said Coeur d'Alene Bank has any interest or lien upon the said California lode mining claim or any part thereof by virtue of the said pretended judgment in the case of *Abner G. Kerns, Receiver of the Property of the Coeur d'Alene Bank v. Geo. B. McAulay and Van B. DeLashmutt,* said case being numbered 1760, then the said sum of $6,000 shall be turned over to and received by said receiver or his successor in office as payment in full of all claims, liens or judgments, if any there be of the said Coeur d'Alene Bank against the said California lode mining claim and against all the property of the said California Consolidated Mining Company or its grantees or successors in interest.

"That during the time that said sum of $6,000 is so deposited in the bank it shall be in the custody of the court and not subject to attachment, liens, or executions of any kind or nature, and in case the judgment of the district court in the case of *California Consolidated Mining Company v. Charles Manley, etc., and Abner G. Kerns, Receiver, etc.,* be affirmed in the supreme court of this state, then said sum of $6,000 so deposited shall be immediately delivered to the said California Consolidated Mining Company or its assigns.

"That as soon as said deposit is made of the said sum of $6,000, as may be directed by the court, it shall release the said California Lode Mining Claim and all the property of the said California Consolidated Mining Company from all claims,

liens and judgments, whether valid or invalid, now claimed or
hereafter to be claimed by the said A. G. Kerns, receiver of
the said Coeur d'Alene Bank, in favor of said bank, and shall
enable the said California Consolidated Mining Company to
transfer the said property free from all claims, liens or judg-
ments of the said Coeur d'Alene Bank."

This petition was filed January 7, 1905, and immediately,
without notice to anyone, an order was made and filed by the
district judge in substantial conformity with the prayer of
the petition. Thereafter the case of the *California Consoli-
dated Mining Company v. Manley* was argued and submitted
in this court, and on May 8th, an opinion was filed and judg-
ment entered reversing the judgment of the lower court. A
petition for rehearing was filed, and on June 6th a further
opinion was filed denying the respondent a rehearing. In
the meanwhile neither Keane nor the California Consolidated
Mining Company had deposited the $6,000 which he had se-
cured leave to deposit in satisfaction and liquidation of the
receiver's judgment against McAulay and DeLashmutt.
Thereafter, however, and on July 3d, it appears that this
money was deposited with the First National Bank of Wallace,
with instructions that the same be held for the period of sixty
days from June 28th, subject to the order of the district court
of the first judicial district. On June 23d, A. G. Kerns, the
receiver, made and filed his affidavit stating that he never
had had any notice of the order of January 7th, and that the
first he ever heard of such order was on the date he made this
affidavit. On June 26th Kerns filed a further affidavit stat-
ing that on the latter date he had a conversation with the
president of the First National Bank of Wallace, and that
he was informed that up to that time no deposit had been
made under the order of January 7th. These affidavits were
submitted to the district judge, and he thereafter made an
order vacating and setting aside the order of January 7th,
which order vacating the original order of January 7th was
filed August 1st. In the meanwhile the *remittitur* in the case
of the *California Consolidated Mining Company v. Manley*,
*supra*, had gone down, and on August 1st the district judge

filed his findings of fact and conclusions of law and judgment in conformity with the judgment of this court. Thereafter, and on the thirty-first day of August, the California Consolidated Mining Company applied to and received from Mr. Chief Justice Stockslager of this court, a writ of error to the supreme court of the state of Idaho for a review of its judgment by the supreme court of the United States, and on that date the chief justice approved the usual cost bond required on the granting of such writs. On August 11th, a writ of execution was issued out of the district court in and for Shoshone county, in the case of *Abner G. Kerns, Receiver, v. George B. McAulay and Van B. DeLashmutt,* and was placed in the hands of the sheriff of Shoshone county, and by him levied on the thirteen-sixteenths interest of the California lode claim, and the same was noticed for sale on September 5th. The sale was postponed from time to time by order of the court, etc., until October 6th. About September 13th Kerns prepared and filed a further petition in the original case of *Kerns, Receiver, v. McAulay and DeLashmutt,* again setting forth the history of the case and the reversal of the judgment of the lower court in the case of the *California Consolidated Min. Co. v. Manley,* and the further fact that a writ of error had theretofore been sued out of the supreme court of the United States, to review the judgment of the supreme court of Idaho, and after reciting the various steps and transactions in detail, the petition closes with the prayer that the execution issued on August 11th be recalled pending the final determination of the case of the *California Consolidated Min. Co. v. Manley et al.,* in the supreme court of the United States. After a hearing on this petition the district judge, on September 23d, made his order recalling the execution, which order is as follows: "Now, therefore, it is by the court ordered that said execution heretofore issued in the above-entitled action be, and the same is hereby recalled, and the sheriff of the county of Shoshone, state of Idaho, is hereby directed to return said execution to the clerk's office of this court, and to refrain from selling or attempting to sell said California lode mining claim, mineral survey No. 1668, or

any interest therein until the further order of this court. The foregoing order to be effective upon the execution and filing of the *supersedeas* as provided by the Revised Statutes of the United States, and it is further ordered that the sale heretofore postponed until September 26, 1905, be again postponed for ten days from said September 26, 1905, in order that the *supersedeas* above mentioned may be secured and filed.'' On October 6th the California Consolidated Mining Company filed with the clerk of the district court in and for Shoshone county, an undertaking in the case of *"Californic Consolidated Mining Company, a Corporation, Plaintiff, v. Chas. Manley, as Sheriff of Shoshone County, State of Idaho, and Abner G. Kerns, as Receiver of the Property of the Coeur d'Alene Bank, Defendants,"* which bond is as follows: ''Know all men by these presents, that the California Consolidated Mining Company, a corporation, as principal, and the U. S. Fidelity and Guaranty Co., as surety, are held and firmly bound unto the above-named defendants and respondents, Chas. Manley, as sheriff of Shoshone county, state of Idaho, and Abner G. Kerns, as receiver of the property of the Coeur d'Alene Bank, in the penal sum of $11,000, for the payment of the same well and truly to be made, we hereby bind ourselves, our heirs, successors or assigns jointly and severally firmly by these presents.

''The condition of this obligation is such that whereas said plaintiff has appealed to the supreme court of the state of Idaho from a judgment and decree made and entered herein on the 1st day of August, A. D. 1905, in favor of the defendants and against the plaintiff, and has applied to the court for an order fixing the amount of bond to be furnished by said plaintiff on a stay of execution in accordance with section 4813 of the Revised Statutes of Idaho, and the court having fixed said bond in the sum of $11,000,

''Now, therefore, if the said plaintiff and appellant shall not commit or suffer to be committed any waste in or upon the California lode mining claim situate in Placer Center Mining District, Shoshone county, Idaho, and will pay the

value of the use and occupation of said property from the time of said appeal until the delivery of possession thereof pursuant to the judgment and order of the supreme court of the state of Idaho, not exceeding the sum of $11,000, then and in that event this obligation to be null and void, otherwise to remain in full force and effect.''

After the filing of this bond and on the same date the district judge made the following order: ''Whereas, an execution was heretofore issued in the above-entitled action directing the sheriff of the county of Shoshone, state of Idaho, to sell an undivided thirteen-sixteenths interest in the California lode mining claim, situate in Placer center mining district, county of Shoshone, state of Idaho, and said sheriff has advertised the said interest for sale at public auction on October 6, 1905.

''And whereas, the said interest is claimed by the California Consolidated Mining Company, and the said California Consolidated Mining Company has appealed to the supreme court of Idaho from the judgment and decree made by this court and filed August 1, 1905, in the case of *California Consolidated Min. Co. v. Charles Manley, as Sheriff of the County of Shoshone, and Abner G. Kerns, as Receiver of the Property of the Coeur d'Alene Bank;*

''And whereas, a stay of proceedings has been granted in said action pending such appeal on the filing of a stay bond in the sum of $11,000, in accordance with the provisions of section 4813 of the Revised Statutes of Idaho, and said bond having been filed and approved by this court;

''Now, therefore, it is by the court ordered that said execution heretofore issued in the above-entitled action be and the same is hereby recalled and the sheriff of the county of Shoshone, state of Idaho, is hereby directed to return said execution to the clerk's office of this court and to refrain from selling or attempting to sell said California Lode Mining Claim Mineral Survey No. 1668, or any interest therein until the final determination of the appeal in the case of the *California Consolidated Min. Co. v. Charles Manley, as Sheriff of the County of Shoshone, State of Idaho, and Abner G. Kerns,*

*as Receiver of the Property of the Coeur d'Alene Bank,* to the supreme court of Idaho.

"Dated this 6th day of Oct., A. D. 1905.

"R. T. MORGAN, Judge."

On application of Abner G. Kerns, receiver, filed in this court, October 16th, a writ of *certiorari* was issued to review the action of the district judge in making the foregoing order of October 6th. On petition of the California Consolidated Mining Company filed in this court October 31st, a writ of *certiorari* was issued to review the action of the district judge in making his order of August 1st, vacating and setting aside the order of January 7th. The hearings on the return to both writs were had at the same time, and the questions involved are so intimately related that we will dispose of both cases in one opinion.

AILSHIE, J. (After making the statement of facts.)— Keane and the California Consolidated Mining Company were total strangers to the case of *Kerns, Receiver, v. McAulay and DeLashmutt,* and to recognize their right, or that of any other stranger to the proceeding, to come in by petition or otherwise, without notice to the receiver or anyone interested in the proceeding, and procure an *ex parte* order, like the one of January 7th, affecting the entire assets of the insolvent estate, would be permitting a practice contrary to every principle of law and justice, and too dangerous to be tolerated for a moment. The petitioner had no standing in the proceeding and could not rightfully obtain a standing without notice and an order of court allowing him to become a party or to intervene. The receiver acting under direction and authority of the court is the legal representative of the insolvent bank, and as such is the party whose duty it is to know the condition of the business and affairs of the insolvent estate. He is presumed to be better informed as to the debts and liabilities outstanding against the insolvent estate and the orders and judgments necessary for its protection than a mere intruder and interloper whose petition shows upon its face that his entire interest is personal and private and adverse to the

interests represented by the receiver. An order made under the conditions and circumstances accompanying the order of January 7, 1905, is and was void from the beginning. It is contended, however, by counsel for the California Consolidated Mining Company, that the order of August 1st, vacating and setting aside the order of January 7th, was void and in excess of the jurisdiction of the court making it, for the reason that it was made more than six months after the adjournment of the term of court at which the original order was made, and without notice to the California Company or Keane. Section 4229 of the Revised Statutes provides, *inter alia:* "The court may likewise, in its discretion, after notice to the adverse party, . . . . relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; and . . . . may grant the relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term." We do not think this provision of the statute applies to judgments and orders which were nullities and void from the beginning, and so appear on their face. (*People v. Greene,* 74 Cal. 400, 5 Am. St. Rep. 448, and note, 16 Pac. 197.) Notice is required under section 4229, *supra,* to "the adverse party." Adverse party as here used must mean a party to the original action or proceeding, or one who has been brought into the case by order of court, or one who has been allowed by order of court, to intervene or become a party plaintiff or defendant in the action as originally instituted. Here neither Keane nor the California Consolidated Mining Company became a party to the proceeding in any manner known to the statute or rules of practice, and was not, with reference to the order of January 7th, entitled to notice and consideration as an adverse party. Keane did not seem to think it necessary to notify the receiver that he would apply for the order of January 7th, but after making himself a party to the case without notice to or consent of anyone, he concludes that he is an "adverse party," and that the order he thus obtained should not be vacated or set aside without first notifying him; and this, too,

after he or his company has failed to deposit the money in the bank in compliance with the order he thus procured. Litigation usually subjects the moving party to the risks of losing as well as affording him the chances of winning; but not so with this company—it was proceeding altogether on the chances of winning without the risks of losing. If it could win on appeal it did not propose to live up to the compromise agreement, but if it lost on appeal, then it proposed to compel the receiver to live up to the agreement to compromise a $58,000 judgment for $6,000 after over two years of litigation.

We conclude that the order of January 7th was unauthorized and void, and the court had the power to vacate and set aside such order on his own motion or at the instance of any person affected thereby at any time the matter might be called to his attention.

Passing now to a consideration of the order of October 6th, we find that the effect thereof is to enjoin the collection of this $58,000 judgment or any part thereof out of the thirteen-sixteenths interest in the California lode claim until such time as the case of the *California Consolidated Min. Co. v. Manley et al.* shall be again heard and finally determined in this court on appeal. There has been no pretense made at giving a *supersedeas* bond in the appealed case on the writ of error from the United States supreme court to this court as provided by section 1007 of the United States Compiled Statutes, and that question does not therefore enter into the consideration of the present case.

In the California Consolidated case the trial court held that the plaintiff was an innocent purchaser of the thirteen-sixteenths interest in the California lode claim, and entered a decree perpetually enjoining and restraining a sale thereof under execution issued in the case of *Kerns, Receiver, v. McAulay and DeLashmutt.* On appeal this court held that the California Consolidated Company was not an innocent purchaser, but that the sale had been made in fraud of the creditors of the Coeur d'Alene Bank, insolvent, of which Kerns is receiver. The judgment and mandate of this court was as follows: "The perpetual injunction is dissolved, and the cause

is remanded with directions to the trial court to make findings and enter judgment in accordance with the views herein expressed." The trial court, in compliance with the judgment of this court, made and entered findings and judgment against the California company and in favor of the receiver, and it appears that the company appealed from the judgment so made and entered, and the court fixed the amount of a *supersedeas* bond to be given under section 4813 of the Revised Statutes, and a bond in accordance therewith was executed, filed and approved October 6th; whereupon the order complained of by the receiver was made and entered by the trial judge. This practice and procedure would be regular and proper in a case that has not already been passed upon and disposed of on appeal; but here the case had already been heard and determined on appeal, and this court had dissolved the injunction and held that the thirteen-sixteenths interest in the California lode claim previously levied upon by the sheriff under his writ in case of *Kerns, Receiver, v. McAulay and DeLashmutt,* was subject to sale under that writ. Now, to allow the district court to again delay the execution of that writ indefinitely by recalling the same until such time as another appeal can be prosecuted, heard and determined in the same case would amount to trifling with final judgments and decrees and justly bring the administration of the law into reproach. The district court has no power or authority to again issue, in the same case, an injunction or restraining order which has, on appeal, been dissolved by the supreme court. It is the duty of the courts to dispose of and close up litigation; it is to the interest of honest litigants, and also the public whose interests are often largely affected by prolonged legal controversies over vast property rights.

The writ issued on application of the California Consolidated Mining Company to review the action of the district judge in making the order of August 1st is quashed.

The order made by the district judge October 6th, recalling the execution in case of *Kerns, Receiver, v. McAulay and De Lashmutt,* is hereby annulled and vacated. Costs incurred in both these cases are awarded in favor of the receiver and

against the California Consolidated Mining Company, and if not paid within ten days after filing a copy of this decision with the clerk of the district court in and for Shoshone county, execution may issue therefor.

Stockslager, C. J., and Sullivan, J., concur.