28 N.J. Super. 256 (1953)
100 A.2d 367
JAMES SENAPE, PETITIONER-APPELLANT,
v.
JOHN A. TROISI, t/a GEORGE WASHINGTON RESTAURANT, RESPONDENT-APPELLEE
Superior Court of New Jersey, Middlesex County Court Law Division.
Decided November 6, 1953.
Mr. Theodore Strong, for petitioner-appellant (Messrs. Strong & Strong, attorneys).
Mr. James J. Skeffington, for respondent-appellee.
*257 MORRIS, J.C.C.
This is a motion by the respondent-appellee for a judgment dismissing the appeal heretofore filed by the petitioner-appellant, in that petitioner-appellant failed to comply with the provisions of R.S. 34:15-66 and Rule 5:2-6 of the rules of our court of 1948 as amended, and/or 5:2-5 of the rules of 1953, in that petitioner-appellant:
1. Failed to serve notice of appeal upon attorney for respondent-appellee.
2. Failed to apply to the court for a date for hearing upon filing of transcript.
3. Failed to prosecute the action.
The claim petition heretofore filed in this matter was dismissed by the Deputy Director of the Workmen's Compensation Division on June 9, 1953. On July 7, 1953 notice of appeal was filed by petitioner-appellant, and thereafter on July 27, 1953 petitioner-appellant filed a transcript of the record and testimony in the cause. Some time after the filing of the appeal counsel for the petitioner-appellant approached me and asked when the appeal would be heard and was advised that the judge in charge of the civil calendar would be available to hear compensation appeals on each Friday morning. The court did not sign any formal order fixing a date for hearing. Nothing further was done by the petitioner-appellant to prosecute the appeal until after the above mentioned notice of motion to dismiss was served. The motion was returnable on Friday, October 23, 1953, and the brief of the petitioner-appellant was filed on October 22, 1953.
R.R. 5:2-5 of the rules pertaining to workmen's compensation appeals provides that immediately upon filing the transcript, the court shall fix a date for the hearing of the appeal, which shall be held not more than ten days after the expiration of the time allowed for the filing of the respondent's brief, and that at least ten days' notice of the date fixed for the hearing shall be served upon the respondent by the appellant.
*258 Paragraph (c) of said rule provides that the petitioner-appellant, not more than 30 days after the filing of the transcript, shall serve on the respondent and file a brief embodying his contentions. The respondent shall serve on the appellant and file his answering brief within 20 days after the filing and serving of the appellant's brief.
Paragraph (d) of said rule provides that upon the determination of the appeal, the court shall file a memorandum stating the facts and its opinion on the law. Memorandums shall be filed with the court within 90 days after the filing of the transcript.
Paragraph (e) of said rule provides that any appeal may be dismissed by the court if the transcript of the record and testimony, together with the exhibits, is not transmitted, or if the appeal is not prosecuted, in accordance with the provisions of this rule.
This appeal should have been argued orally during the month of September, and the court should have determined same and filed its memorandum and opinion on or before October 27, 1953. It is impossible for the court to hear and determine these appeals unless counsel for the respective parties adhere strictly to the provisions of the rules and prosecute the appeals in accordance with the provisions of same. The respondent-appellee would have 20 days after October 22, 1953 to file his answering brief; the hearing date would be at least 10 days after the expiration of that date, and permitting the court a reasonable time to determine same, it would be well beyond the 90-day period set forth in paragraph (d) of the rule.
After a careful consideration of the oral arguments and the cases cited by counsel, I am of the opinion that it would be an abuse of discretion to permit the petitioner-appellant to perfect and prosecute this appeal.
The motion by the respondent-appellee for judgment of dismissal will be granted, without costs.