71 N.J. Super. 153 (1961)
176 A.2d 513
JOHN S. CONKLIN, APPELLANTS,
v.
AUTOMOTIVE CONVEYING OF N.J., RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1961.
Decided December 21, 1961.
*154 Before Judges GAULKIN, KILKENNY and HERBERT.
Mr. Wallace S. Bernstein argued the cause for the appellant (Mr. Melvin N. Fine, attorney).
Mr. Frank Fink argued the cause for the respondent (Mr. James J. Carroll, attorney).
PER CURIAM.
Petitioner Conklin was awarded workmen's compensation. The County Court reversed on the ground (stated in the opinion of Judge Gordon H. Brown) that there had been "an abandonment of the employer's business at the time of the accident."
Conklin appeals on the merits and upon the further ground that his motion, made in the County Court, to dismiss the appeal for failure to prosecute it diligently in accordance with R.R. 5:2-5, should have been granted.
As to the merits, we agree with and adopt as our own the opinion of Judge Brown.
The appendix does not contain Conklin's motion to dismiss the appeal, the data supporting it (if any) submitted to the County Court, or the stenographic record of the arguments of counsel and the ruling of the County Court. This alone would be reason enough to reject this ground of appeal.
We have procured a transcript of the argument and the ruling of the County Court. From it we deduce that the notice of appeal to the County Court was timely, and was filed September 1, 1960. On September 14 an order was *155 signed, ex parte, extending for 20 days appellant's time to file the transcript and exhibits, on the ground "that the transcript * * * was ordered and * * * has not yet been received." On October 5 the time was extended for the same reason for another 30 days, again by ex parte order. On November 3 the transcript was filed. On November 17 a third ex parte order was signed, extending for 15 days appellant's time to file the exhibits. There was apparently some difficulty in locating the exhibits, for it was not until November 30 that Conklin's attorney located and filed the last exhibit.
In late December Conklin made the motion to dismiss, returnable January 13, 1961. There is nothing in the record to indicate that prior to that time Conklin took any steps to challenge the alleged delay or to accelerate the proceedings.
The transcript was 328 pages long. On January 3 the fourth ex parte order was entered, extending the time to file appellant's brief to January 6. Incidentally, a different judge signed each ex parte order. This is a practice that should be avoided as far as possible. The brief was then filed. The case was heard on its merits January 27, and decided February 24.
Conklin contends that the times fixed by R.R. 5:2-5 for taking the various steps which follow the filing of a notice of appeal are jurisdictional. That is not so. R.R. 5:2-5(e) provides that "Any appeal may be dismissed by the court if the transcript of the record and testimony, together with the exhibits, is not transmitted, or if the appeal is not prosecuted, in accordance with the provision of this rule." (Emphasis ours)
Conklin contends that, if not jurisdictional, it was at least an abuse of discretion for the County Court to refuse to dismiss the appeal, citing Senape v. Troisi, 28 N.J. Super. 256 (Cty. Ct. 1953). We disagree. In Senape appellant did practically nothing to prosecute the appeal from July 27 until after the notice to dismiss was served upon him in late October. In the case at bar it appears that the time *156 between the filing of the notice of appeal and the filing of the appellant's brief was taken up in waiting for the transcript, looking for exhibits, etc.
However, although we find the error was not prejudicial under the circumstances of the case at bar, it was improper to sign the extension orders ex parte. For future guidance we hold that, except where the rules expressly or by necessary implication provide otherwise, every litigant is entitled to notice as to every motion affecting him.
Affirmed. No costs.