456 P.2d 944

Paul P. EDGAR and David Matthews, Petitioners,

v.

The Honorable Lee GARRETT, Judge of the Superior Court of Pima County, State of Arizona, and Dennis Hubbes and Judith Hubbes, husband and wife, Respondents.

No. 2 CA–CIV 678.

Court of Appeals of Arizona.

June 26, 1969.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by James A. Teilborg, Phoenix, for petitioners.

Miller, Pitt & Feldman, by Richard L McAnally, Tucson, for respondents.

MOLLOY, Chief Judge.

These extraordinary writ proceedings challenge the trial court's jurisdiction in ordering that a case be replaced on the active calendar. Being of the opinion that the jurisdictional attack was meritorious, we granted certiorari. Although an order vacating an order of dismissal is

appealable, Young Mines Co., Ltd. v. Blackburn, 22 Ariz. 199, 196 P. 167 (1921), *see also* Arnold v. Van Ornum, 4 Ariz. App. 89, 417 P.2d 723 (1966), the unusual posture of this case justified prompt appellate intervention.

The procedural chronology is as follows. In July, 1963, a complaint was filed in superior court by Dennis Hubbes and Judith Hubbes, husband and wife, to recover for alleged personal injury to the wife, against several defendants including the petitioners. On April 29, 1965, a notice was sent by the clerk of the superior court to the respective counsel for the parties advising them that the case had been placed on the inactive calendar pursuant to the provisions of Rule V(d),[1] Uniform Rules of Practice of the Superior Court. Subsequently, on June 28, 1965, an order of dismissal, signed by the court commissioner, was entered, dismissing the case without prejudice for lack of prosecution. Copies of this order were sent to the respective counsel.

Plaintiffs' counsel, on July 6, 1965, filed a petition to set aside the dismissal, stating:

"That the plaintiffs' attorney, ROBERT E. TINDALL, is in the State of New York in connection with his assignment as a full time instructor at the University of Arizona and will not be back in the State of Arizona until the latter part of August, 1965."

The order appended thereto signed by a superior court judge, on July 6, 1965, recites:

"Upon reading and filing the above petition, it is hereby

"ORDERED that the above entitled action be placed on the active calendar to await further action."

There is nothing in the record, by minute entry or otherwise, to indicate that petitioners' counsel received notice of either the petition to set aside the dismissal or the subsequent order. We have in the record an avowal of counsel for the defendants that they received neither a copy of the motion to set aside nor the order of July 6, and, at time of oral argument before this court, this avowal was accepted by plaintiffs' present counsel. Some three years after the July 6, 1965, order, on August 8, 1968, a new notice of placement on the inactive calendar was sent to counsel, and, on October 18, 1968, a new order of dismissal without prejudice, for lack of prosecution, was entered. Notice of dismissal was mailed to counsel.

On November 6, 1968, a motion to set and certificate of readiness was filed on behalf of the plaintiffs.[2] On January 13, 1969, the petitioners moved the court to strike this document on the ground that the order of dismissal deprived it of legal efficacy. On January 28, 1969, the motion to strike was denied and it was ordered that the case be "\* \* \* replaced on the active calendar \* \* \*." On February 3, 1969, a signed minute entry order was entered directing a change in the January 28

---

1. "Inactive Calendar. The clerk of court or court administrator shall place on the Inactive Calendar every case in which a Motion to Set and Certificate of Readiness has not been served and filed within one year after the commencement thereof. All cases remaining on the Inactive Calendar for two months shall be dismissed without prejudice for lack of prosecution, and the court shall make an appropriate order as to any bond or other security filed therein, unless prior to the expiration of such two month period:

"(1) A proper Motion to Set and Certificate of Readiness is served and filed; or

"(2) The Court, on motion for good cause shown, orders the case to be continued on the Inactive Calendar for a specified period of time without dismissal." Rule V(d), as amended, Uniform Rules of Practice of the Superior Court, 17 A.R.S.

2. This document was filed by the law firm which is representing the plaintiffs in these appellate proceedings.

order, in a respect not material to our decision, and reiterating the direction to replace the case on the active calendar. Two weeks thereafter, petitioners sought relief in this court.

■ We are of the opinion that the order of July 6, 1965, in effect vacating the prior order of dismissal by restoring the case to the active calendar, was *coram non judice*. Rule 5(a), as amended, R.Civ.P., 16 A.R.S., provides:

"Except as otherwise provided in these rules, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

Rule IV(a), as amended, Uniform Rules of Practice, recites in pertinent part:

"All motions * * * shall be served on the opposing parties. * * * The trial court may in its discretion waive these requirements as to motions made in open court. The time and manner of service shall be noted on all such filings, and shall be governed by Rule 6[3] of Rules of Civil Procedure."

■■ As previously mentioned, neither the motion to set aside the order of dismissal nor the order of reinstatement comport with the requirements of Rule IV(a). The motion filed does not note the time and manner of service and petitioners' claim of no notice remains unrefuted. The purpose of this rule as to service of the motion on opposing parties is to provide notice to those who have an interest in resisting the relief sought, People By and Through Dept. of Public Works v. Loop, 161 Cal. App.2d 466, 326 P.2d 902 (1958); Conklin v. Automotive Conveying of N. J., 71 N.J. Super. 153, 176 A.2d 513 (1961); 60 C.J.S. Motions and Orders § 15. It is fundamental to justice and fair play that a party be afforded an opportunity to be heard on matters which affect his interests. Merrill on Notice, Vol. 1, §§ 523 and 531. As stated in In re Jackson's Will, 291 S.W.2d 214 (Mo.App.1956);

"Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power." 291 S.W. 2d at 225.

No one would dispute that petitioners had an interest in opposing the motion to set aside the order of dismissal. Such interest is analogous to that of one who obtained a jury verdict in his favor as in Wolfe v. Riggle, 407 Pa. 172, 180 A.2d 220 (1962), wherein the Pennsylvania court held that he was deprived of due process of law by an ex parte order granting a new trial. Our own Supreme Court has held that failure to give the three-day notice of application for judgment required by Rule 55(b), R.Civ.P., 16 A.R.S., renders the judgment void and vulnerable to attack at any time. McClintock v. Serv-Us Bakers, 103 Ariz. 72, 436 P.2d 891 (1968). The court therein predicated its holdings on due process requirements.

■ The situation here was not a case of untimeliness of the notice given, which has been considered to be a mere procedural irregularity. Coonradt v. Walco, 55 Misc.2d 557, 285 N.Y.S.2d 421 (1967). *But see contra*: Thrasher v. United States Liability Ins. Co., 45 Misc.2d 681, 257 N.Y.S. 2d 360 (1965); Fischer v. Shugg, 19 Misc. 2d 555, 195 N.Y.S.2d 417 (1959). Likewise, it does not fall within the rule that "* * * parties to the suit must take notice of motions made therein." *See, e. g.*, Foster v. Ames, 3 Ariz.App. 206, 412 P.2d 888 (1966), *rehearing denied* 5 Ariz.

3. Rule 6 governs the time aspect of service.

App. 1, 422 P.2d 731 (1967). This rule fails when lack of knowledge of a proposed order arises because of circumstances against which vigilance cannot protect. In re Jackson's Will, *supra*.

■ We are of the opinion, and so hold, that the July 6, 1965, order, entered without notice to the petitioners, is void. Avery v. Associated Seed Growers, 211 Cal. App.2d 613, 27 Cal.Rptr. 625 (1963); Caledonian Insurance Company v. Superior Court, 140 Cal.App.2d 458, 295 P.2d 49 (1956); Deschamps v. Independent Cab Co., 94 Cal.App.2d 127, 210 P.2d 299 (1949), *rehearing denied,* 94 Cal.App.2d 127, 210 P.2d 897 (1949); Kerns v. Morgan, 11 Idaho 572, 83 P. 954 (1905); Curran v. Abbott, 141 Ind. 492, 40 N.E. 1091 (1895); State ex rel. Enderlin State Bank v. Rose, 4 N.D. 319, 58 N.W. 514 (1894). Such order being a nullity, the mere passage of time does not give it vitality. In re Estate of Milliman, 101 Ariz. 54, 415 P. 2d 877 (1966).

■ The June 28, 1965, order of dismissal without prejudice [4] for lack of prosecution was an appealable order since it in effect determined the action and prevented final judgment from which an appeal might be taken. Campbell v. Deddens, 93 Ariz. 247, 250, 379 P.2d 963, 965 (1963); State v. Boehringer, 16 Ariz. 48, 50–51, 141 P. 126, 127 (1914); A.R.S. § 12–2101(D), as amended.[5] The order, not having been appealed, is now conclusive. Casa Grande Trust Company v. Superior Court, 8 Ariz. App. 163, 444 P.2d 521 (1968).

It is therefore ordered that all orders subsequent to the June 28, 1965, order of

dismissal are reversed and vacated for the reasons herein stated.

HATHAWAY and HERBERT F. KRUCKER, JJ., concur.

---

4. Such an order is not to be confused with an order granting a motion to dismiss an action which in itself is not a judgment. Meloy v. Saint Paul Mercury Indemnity Co., 72 Ariz. 406, 236 P.2d 732 (1951); and *see* Decker v. City of Tucson, 4 Ariz. App. 270, 419 P.2d 400 (1966).

5. A dismissal without prejudice does not prevent a later filing on the same cause of

action. Union Interchange, Inc. v. Van Aalsburg, 102 Ariz. 461, 432 P.2d 589 (1967). However, this being a claim for personal injuries arising out of a 1962 alleged negligent act, the claim may be barred by the statute of limitations. A.R.S. § 12–542.