OPINION
FROEB, Judge.
This is a special action review of an Industrial Commission award rescinding the dismissal of a scheduled hearing. Three issues are presented: (1) whether this appeal should be dismissed; (2) wheth *81 er the findings were too indefinite; and (3) whether the administrative law judge abused his discretion. We affirm the award.
The petitioner carrier (carrier) issued notices of claim status terminating temporary compensation with a 6% permanent impairment and awarding scheduled disability compensation. The respondent employee (claimant) timely protested. He was sent and received notice of a scheduled hearing, but failed to appear. The carrier moved to dismiss for this reason. See generally A.C.R.R. R-4-13-149, -157.[1] The administrative law judge subsequently issued an award granting the motion to dismiss. The claimant, through his attorney, requested administrative review. He argued that sanctions for failure to appear should not be imposed because his testimony was unnecessary. In addition, the claimant personally submitted a letter explaining why he failed to appear.[2]
The administrative law judge then rescinded the dismissal.[3] The award states:
The Award dismissing REQUEST FOR HEARING for failure to appear will be rescinded and a further hearing will be scheduled. The applicant will be permitted to testify as to his reasons for failing to appear. It is the announced general policy of the law that cases should be tried on the merits and not disposed of on technicalities. This is particularly true in the field of workmen’s compensation where the statutes are remedial in nature and are to be interpreted liberally to see that justice is done,
The carrier timely requested administrative review of this rescission.
Pending disposition of this request for administrative review, the additional hearing was held. The claimant appeared and explained his prior failure to appear as follows:
It was a combination of a few things. The main one was that prior to the hearing, a week prior to the hearing, I was doing a lot of reorganization with my papers and belongings, moved in with my mother and there’s just not enough room for everything. I was doing a lot of moving around. I had a woman helping me. Somehow my papers, my folders on the industrial stuff, disappeared and was lost. I had also been working. There was a storm that week and I was trying to catch up on making some money, doing some side jobs around the neighborhood and fixing up storm damage to my house. I was just carrying a full load and I was also waiting for a letter. I was under the understanding that the court reporting letter of the deposition that I had given prior to the hearing that I needed to go down and sign prior to the hearing — I hadn’t received that so I was sure the hearing wasn’t until later on in the week. I contacted Mr. Frey Monday morning and I found that I missed the hearing.
The administrative law judge then affirmed the rescission of the dismissal.[4] *82 The employer and carrier timely petitioned for special action review.[5]
First we consider whether this appeal should be dismissed. Claimant contends that we have no jurisdiction to consider this special action review because it is not an “award.” He points first to A.R.S. § 12-120.21(A)(2) which states the court of appeals shall have jurisdiction to issue writs of certiorari to review “awards” of the Industrial Commission. He then argues that what is before us in this case is not an “award” because A.R.S. § 23-901(1) states: “ ‘Award’ means the finding or decision of an administrative law judge or the commission as to the amount of compensation or benefit due an injured employee or the dependents of a deceased employee.” He argues that the decision being reviewed in this case does not allow or deny benefits and is therefore not an award.
We reject this argument, however, because the A.R.S. § 23-901(1) definition of “award” is preceded by the words “In this chapter ... ”, referring to Chapter 6 of Title 23 (Workmen’s Compensation). Strictly speaking, the definition does not necessarily limit the meaning of the word “award” as used in A.R.S. § 12-120.-21(A)(2). In addition, we have held that the term “award” for review purposes is any direct determination of an issue concerning a worker’s claim. Meva Corporation v. Industrial Commission, 15 Ariz.App. 20, 485 P.2d 844 (1971). We therefore hold that we have jurisdiction to consider the merits of the award now before us.
Claimant’s other argument for dismissal is that this is an interlocutory decision and therefore it is not reviewable. This argument refers to the general rule applicable to civil appeals that interlocutory orders are not appealable. See A.R.S. § 12-2101. Claimant makes the tie to civil appeals by reason of A.R.S. § 23-951(B) and rule 10(g), Rules of Civil Procedure for Special Actions, both of which provide that dismissal of Special Actions — Industrial Commission may be “upon the grounds of dismissal applicable to civil appeals.”
The latter argument fails because it incorrectly assumes that an interlocutory order vacating a dismissal is nonappealable. A.R.S. § 12-2101(D) permits an appeal from an order vacating a dismissal. See Edgar v. Garrett, 10 Ariz.App. 98, 456 P.2d 944 (1969) (order vacating order of dismissal is appealable). Cf Engineers v. Sharpe, 117 Ariz. 413, 573 P.2d 487 (1977) (order vacating summary judgment, as opposed to denial of summary judgment, is appealable). Assuming without deciding that rule 10(g) and A.R.S. § 23-951(B) incorporate the final judgment rule, the rescission of the dismissal would nevertheless be appealable. Accordingly, this special action is not premature.
We address the indefiniteness argument next. An award is sufficiently definite if it disposes of all material issues. E.g., Cavco Industries v. Industrial Commission, 129 Ariz. 429, 631 P.2d 1087 (1981). The award here disposed of the only material issue. It was unnecessary for the administrative law judge to make specific evidentiary findings. Id.
We now turn to the argument that the administrative law judge abused his discretion by rescinding the dismissal. The carrier argues that the administrative law judge had discretion to rescind the dismissal only if the claimant had good cause for failing to appear. See Rule 157. They rely on Town of El Mirage v. Industrial Commission, 127 Ariz. 377, 621 P.2d 286 (App. 1980) and Lindsay v. Industrial Commission, 115 Ariz. 254, 564 P.2d 943 (App.1977) to argue that as a matter of law inadvertence is not good cause.
We disagree with this broad reading of these cases. Their common element is a failure to give an adequate explanation of the failure to appear. In Town of El Mi *83 rage, the administrative law judge was informed that the claimant merely didn’t feel well. In Lindsay, the administrative law judge was informed that the claimant merely was in the service and stationed outside of Arizona. In the present case, in contrast, the claimant fully explained why he failed to appear.
We cannot say that the administrative law judge abused his discretion by concluding that this explanation established good cause. The dismissal sanction is severe. A case should be resolved on the merits, not on technicalities. See Cook v. Industrial Commission, 133 Ariz. 310, 651 P.2d 365 (1982).
For the foregoing reasons, we affirm the award.
CONTRERAS, P.J., and OGG, J., concur.

. Rule 149 states:
The employee, whether or not represented by an attorney, shall appear personally at any hearing without the necessity of a subpoena unless excused by the presiding hearing officer. Rule 157 states:
Any interested party who fails to abide with the provisions of these rules shall not be permitted to present any evidence at any of the proceedings before the Commission on the claim, or the request for hearing may be dismissed in the discretion of the presiding hearing officer. The presiding hearing officer or the Commission may, in his or its sound discretion, relieve the party of the sanctions imposed for his failure to abide by these rules if good cause therefore is shown.

. This letter was not substantive evidence, but the administrative law judge could consider it in determining whether or not to allow an additional hearing. See Southwest Nurseries v. Industrial Commission, 133 Ariz. 171, 650 P.2d 473 (App.1982) (citing A.R.S. § 23-943).

. The rescission was denominated: "FINDINGS AND AWARD RESCINDING AWARD,” and included the standard notice requiring timely application for administrative review or the rescission would become final.

. The affirmance was denominated “DECISION UPON REVIEW,” and also contained the standard notice requiring timely application for special action review or the award would become final.

. Although the case has been submitted on the merits, because of the carrier’s special action petition, the Industrial Commission has not issued an award on the merits. See generally Continental Casualty Co. v. Industrial Commission, 111 Ariz. 291, 528 P.2d 817 (1974); Castillo v. Industrial Commission, 21 Ariz.App. 465, 520 P.2d 1142 (1974).