NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

CARRIE BELTZ, a single woman; and LAUREN BELTZ, a single woman,
*Plaintiffs/Appellants*,

*v.*

GREYSTAR REAL ESTATE PARTNERS, LLC, a foreign corporation dba
GREYSTAR PROPERTY MANAGEMENT, *Defendant/Appellee*.

No. 1 CA-CV 14-0779
FILED 4-12-2016

---

Appeal from the Superior Court in Maricopa County
No. CV2013-091883
The Honorable Mark F. Aceto, Retired Judge

**AFFIRMED**

---

COUNSEL

Watters & Watters PLLC, Tucson
By Andrea E. Watters
*Counsel for Plaintiffs/Appellants*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

---

**N O R R I S**, Judge:

**¶1** Carrie and Lauren Beltz appeal from the superior court's order dismissing their case for lack of prosecution and its denial of their combined motion for relief under Arizona Rule of Civil Procedure ("Rule") 60(c) and Arizona Revised Statutes ("A.R.S.") section 12-504(A) (2016), the savings statute. Because the superior court did not abuse its discretion in denying relief under either the rule or statute, we affirm the order of dismissal. *See Slaughter v. Maricopa Cnty.*, 227 Ariz. 323, 326, ¶ 14, 258 P.3d 141, 144 (App. 2011) (appellate court reviews superior court's order of dismissal for lack of prosecution for abuse of discretion); *Copeland v. Ariz. Veterans Mem'l Coliseum & Exposition Ctr.*, 176 Ariz. 86, 89, 859 P.2d 196, 199 (App. 1993) (appellate court reviews superior court's denial of relief under either Rule 60(c) or A.R.S. § 12-504 for abuse of discretion).

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** The Beltzes sued defendant/appellee Greystar Real Estate Partners, LLC and other entities (collectively, "Defendants") for negligence and breach of contract arising from an apartment lease. Pursuant to the then current version of Arizona Rule of Civil Procedure Rule 38.1, court administration issued an order placing the case on the Inactive Calendar for dismissal on February 3, 2014, unless one of the actions designated under Rule 38.1 occurred ("Rule 38.1 Order").[1] The Rule 38.1 Order directed the

---

[1]As discussed in ¶¶ 6-7 *infra*, the supreme court amended Rule 38.1 effective April 15, 2014. *See* Arizona Supreme Court Order R-13-0017 (filed Aug. 28, 2013), Amended Order Regarding Applicability Provision (filed Nov. 27, 2013). Former Rule 38.1 and its predecessor, Uniform Rule V, were procedural rules "designed to rid court calendars of inactive or abandoned cases and to prod the judge and the attorneys involved to bring cases to trial as quickly as possible." *Gorman v. City of Phoenix*, 152 Ariz. 179, 183, 731 P.2d 74, 78 (1987). Former Rule 38.1(d) required the clerk of the court to place a case on the Inactive Calendar if the

parties to file a motion to set on or before December 3, 2013, and explained that "[f]or good cause, the assigned judge may extend time for dismissal or continue the action on Inactive Calendar to an appropriate date."

**¶3**       On January 21, 2014, the Beltzes moved to continue the case on the Inactive Calendar for 60 days, explaining they had recently filed an amended complaint and anticipated receiving Defendants' answer within 60 days.[2]  On January 28, 2014, the superior court entered an order granting the motion in part and continued the case on the Inactive Calendar for dismissal unless a proper motion to set/certificate of readiness was filed by February 24, 2014 ( "January 28 Order").  The January 28 Order warned that if such motion/certificate was not filed before February 24, 2014, "all unadjudicated claims will be dismissed without further notice."[3]

**¶4**       The Beltzes did not comply with the January 28 Order, and the court dismissed their case on March 28, 2014.  Almost six months later, on September 23, 2014, the Beltzes moved to reinstate the case under Rule 60(c), or in the alternative, to re-file under the savings statute, A.R.S. § 12-

---

parties did not file a motion to set and certificate of readiness within nine months after commencement of the case and instructed the clerk to dismiss a case without prejudice if it remained on the Inactive Calendar for more than two months.  *See* Ariz. R. Civ. P. 38.1(d) (effective until April 15, 2014).

[2]Before moving to continue on the inactive calendar, the Beltzes filed a motion to set, which the court denied because no answer had been filed and the issues had not been joined.

[3]The January 28 Order provided an alternative way for the parties to avoid dismissal:

> Pursuant to this Division's normal practice, dismissal off of the Inactive Calendar can be avoided if the following occurs:  (1) Defendant files an Answer, and (2) Plaintiffs file a Request for Issuance of an Order to File a Joint Proposed Scheduling Order (a) after an Answer is filed and (b) before the scheduled date for dismissal off of the Inactive Calendar.

504(A). The superior court denied their motion.[4] We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) and (2). *See Edgar v. Garrett*, 10 Ariz. App. 98, 101 n.5, 456 P.2d 944, 947 n.5 (1969) (dismissal for lack of prosecution is appealable when statute of limitations has run).[5]

## DISCUSSION

I.    Rule 38.1

**¶5**          The Beltzes first argue the superior court incorrectly dismissed their case by failing to apply the amended version of Rule 38.1, which they argue "applies retroactively to this case."[6]

**¶6**          Effective April 15, 2014, our supreme court adopted comprehensive amendments to the rules of civil procedure governing case management and trial setting. *See* Arizona Supreme Court Order R-13-0017

---

[4]In moving for relief under Rule 60(c) and the savings statute, the Beltzes asserted, inter alia, that their counsel had not received a copy of the January 28 Order, although they acknowledged their counsel had received an email from the clerk of the superior court that stated in the subject line "case continued on the inactive counsel." The description in the subject line would not have informed the Beltzes' counsel how long the court had continued the case on the inactive calendar, however. In any event, the superior court initially rejected this "claim." The Beltzes then filed two motions asking the court to reconsider its dismissal, and in both motions attempted to support their argument that their counsel had not received the January 28 Order. The court denied both motions for reasons unrelated to whether the Beltzes' counsel had actually received the January 28 Order. As relevant to our resolution of this appeal, the court found the Beltzes had failed to timely demonstrate they had a meritorious claim based on admissible evidence and had failed to timely seek relief under the savings statute.

[5]The record reflects the statute of limitations has run on the Beltzes' negligence claim.

[6]Greystar did not file an answering brief on appeal. Although we could treat this as a confession of error, we exercise our discretion to address the merits of the Beltzes' appeal. *See In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 2, 38 P.3d 1189, 1190 (App. 2002).

(filed Aug. 28, 2013). As part of this process, the supreme court amended Rule 38.1. *See id.*

**¶7** Pursuant to Arizona Supreme Court Order R-13-0017, as amended November 27, 2013, "the Amendments [did] not affect administrative dismissals from the Inactive Calendar until the effective date of April 15, 2014." *See* Arizona Supreme Court Order R-13-0017, Amended Order Regarding Applicability Provision (filed Nov. 27, 2013). The superior court dismissed the Beltzes' case from the Inactive Calendar on March 28, 2014, more than two weeks before the effective date of the amendments. Accordingly, the amended version of Rule 38.1 was inapplicable to the Beltzes' case. And, the record reflects the superior court properly complied with former Rule 38.1 in dismissing the Beltzes' case.[7]

## II.    Rule 60(c)

**¶8** The Beltzes next argue the superior court "abused its discretion when it refused [their] request to reinstate the case under ARCP Rule 60(c)."

**¶9** The Beltzes sought relief under Rule 60(c)(1) and (6), which, respectively, allow a court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise or excusable neglect" or for "any other reason justifying relief from the operation of the judgment."[8] Ariz. R. Civ. P. 60(c)(1), (6). To obtain relief under either of these subsections, a plaintiff

---

[7]Relying on the "Historical Notes" to amended Rule 38.1, *see* Ariz. R. Civ. P. 38.1(d) (2015), the Beltzes argue the amended version of Rule 38.1 applied to their case. The Historical Notes, in turn, quote from the supreme court's November 27, 2013 Amended Order Regarding Applicability Provisions. The portion of this order quoted in the Historical Notes explained that beginning on April 15, 2014, the Amended Rule 38.1 would apply to "pending cases" filed before April 15, 2014, if certain specified events had or had not occurred. The court had dismissed the Beltzes' case, on March 28, 2014, and thus, their case was not a "pending case" as of April 15, 2014.

[8]The Beltzes also sought relief under Rule 60(c)(4), which provides relief from void judgments. *See* Ariz. R. Civ. P. 60(c)(4). The Beltzes have not argued on appeal they were entitled to relief under Rule 60(c)(4).

must show the existence of a meritorious claim. *Copeland*, 176 Ariz. at 89, 859 P.2d at 199. Additionally, a plaintiff must make that showing with admissible evidence, that is, "by affidavit, deposition or testimony of some facts which, if proved at the trial" would constitute a valid claim. *See United Imports & Exports, Inc. v. Superior Court of State In & For Maricopa Cnty.*, 134 Ariz. 43, 46, 653 P.2d 691, 694 (1982). The mere conclusion of a lawyer or client that a claim exists is "evidence of nothing; it is a conclusion which carries no weight and is insufficient." *Id.*

**¶10** When the Beltzes requested relief under Rule 60(c), they failed to provide the court with any admissible evidence establishing a "meritorious claim." Rather, their motion simply restated the allegations of their complaint. Because the Beltzes did not demonstrate a meritorious claim with admissible evidence, the superior court acted within its discretion in denying relief under Rule 60(c).[9]

III.     The Savings Statute

**¶11** Finally, the Beltzes argue the superior court abused its discretion in failing to apply § 12-504(A), the savings statute. This statute provides in pertinent part:

> If an action timely commenced is terminated by abatement, voluntary dismissal by order of the court or dismissal for lack of prosecution, the court in its discretion may provide a period for commencement of a new action for the same cause, although the time otherwise limited for

---

[9]The Beltzes filed an amended Rule 60(c) motion, which attached an affidavit of counsel. The affidavit made a conclusory statement that "Plaintiffs have a meritorious case and a dismissal would be devastating" but provided no showing of merit. Although the superior court specifically noted in its order denying their motion for relief under Rule 60(c) and the savings clause that the Beltzes had failed to provide any admissible evidence of a meritorious claim, the Beltzes did not provide the court with any admissible evidence of a meritorious claim until they filed their second motion for reconsideration. The superior court found the Beltzes had "waived the right to rely on these affidavits." Under the circumstances presented here, we agree.

commencement has expired. *Such period shall
not exceed six months from the date of termination.*

A.R.S. § 12-504(A) (emphasis added). As this court has held, if the superior court permits a plaintiff to refile an action under A.R.S. § 12-504, "it must be accomplished within a maximum of six months" after termination. *Roller Vill., Inc. v. Superior Court of Ariz. In & For Maricopa Cnty.*, 154 Ariz. 195, 197, 741 P.2d 328, 330 (App. 1987) ("[I]f refiling is permitted by the trial judge, the period may not exceed six months from the date of termination.").

¶12 As noted above, the superior court dismissed the Beltzes' complaint for lack of prosecution on March 28, 2014. Under A.R.S. § 12-504, the court could have permitted the Beltzes to refile their complaint any time before September 29, 2014. *See* Ariz. R. Civ. P. 6(a) (first day is excluded when calculating time periods during which a party must act). Although the Beltzes filed their motion seeking relief under the savings statute on September 23, 2014, the superior court did not review the motion until September 30. Accordingly, by the time the superior court considered their request, the six-month extension authorized by A.R.S. § 12-504 had expired.

¶13 The superior court had no authority to grant relief under the savings statute. Therefore, the court did not abuse its discretion in denying relief under the savings statute.

## CONCLUSION

¶14 For the foregoing reasons, we affirm the superior court's order dismissing the Beltzes' case.

