# CASES ARGUED AND DETERMINED

IN THE

# Supreme Court of the Territory of Wyoming

## JANUARY TERM, 1883.

### KENT v. UPTON.

(April 11, 1883.)

NEW TRIAL—WHEN MOTION TO BE MADE—DELAY —EXTENSION OF TIME.

1. Comp. Laws, c. 13, § 308, providing that the application for new trial must be made at the term the verdict or decision is rendered, and within three days thereafter, unless unavoidably prevented, and section 309, providing that the application must be by motion, upon written grounds, filed at the time of making the motion, are mandatory, and a motion made after the expiration of this limit must show that the mover had been theretofore unavoidably prevented.

2. A motion for leave to make a motion for a new trial is unknown to the law, and an order granting an *ex parte* oral motion to extend the time for filing a motion for a new trial, which is practically the same, was erroneous.

BLAIR, J., dissenting.

On remand from the supreme court of the United States.

Action by Clark W. Upton, assignee in bankruptcy of the Great Western Insurance Company, against Thomas A. Kent, to recover the balance alleged to be due on a subscription to the stock of said company. Judgment for defendant. Plaintiff appeals. Reversed. On appeal to the United States supreme court, judgment of reversal reversed, and case remanded to the supreme court. Judgment affirmed.

*W. W. Corlett*, for plaintiff in error. *C. N. Potter*, for defendant in error.

SENER, C. J. This was a civil action brought in the district court for the first judicial district in and for Laramie county, by Clark W. Upton, assignee in bankruptcy of the Great Western Insurance Company, against Thomas A. Kent, as a stockholder in said company, to recover the balance alleged to be due on a subscription to the stock of the said company and unpaid. The petition alleged that said Kent was the owner of 10 shares of the stock originally subscribed for by himself, and of 10 other shares purchased by him from Joslin & Park, and for which a new certificate was given, upon which 20 shares 40 per cent. had been paid prior to bankruptcy, leaving a balance of 60 per cent. on each share unpaid, and failing to pay the said balance in accordance with the order, this suit was commenced in said court. Kent filed an answer admitting the corporate existence of said company, and the fact of his subscription for 10 shares of its capital stock, and the subsequent purchase by him of the 10 shares from Joslin & Park, and denied each and every other allegation of the petition; and for a *second* defense alleged that the subscription was made by him on account of false and fraudulent representations of the agent of the company; and, *thirdly*, alleged a set-off. The second and third defenses were originally demurred to by the plaintiff, and the demurrer overruled, and the court admitted evidence under said defenses; but in its charge to the jury stated that said admission was error, and instructed the jury to disregard the same. The case was tried by a jury, and a verdict rendered against Kent for $1,200. Upon the case coming to this court at the March term, 1879, (2 Wyo. 53,) the judgment of the court below was reversed upon the ground that the action was barred by the statute of limitations, which claim was first made in this court, and the case was thereafter heard in the United States supreme court upon that question only, (*vide* 105 U. S. 646,) this court being reversed upon the question of statute of limitations; and the case was then remanded to this court to take such further proceedings as may be in conformity with law

Kent v. Upton.

and not inconsistent with the opinion of the supreme court of the United States.

The petition in error puts in issue in this court several questions respecting the admission of testimony and the instructions of the court to the jury. But before we can or ought to consider these questions, we must first consider and dispose of the one last raised by the defendant in error in his brief, and which is thus stated by him: "The question of the time when the motion for a new trial was filed is submitted for consideration. The time was extended, for what reason the record fails to inform us, and some considerable time from verdict elapsed before its filing." In brief, it is submitted to us whether the plaintiff in error has so perfected his case in the court below as to bring into this court any question which this court can or ought to determine. The statutes of Wyoming governing the question as to the time and manner of presenting applications upon motions for new trial are very simple and clear, are found in chapter 13, §§ 308, 309, Comp. Laws Wyo. p. 72, and read as follows:

"Sec. 308. The application for a new trial must be made at the term the verdict, report, or decision is rendered, and except for the cause of newly-discovered evidence, material for the party applying, which he could not with reasonable diligence have discovered, and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented.

"Sec. 309. The application must be by motion, upon written grounds, filed at the time of making the motion. . The causes enumerated in subdivisions two, three, and seven of section three hundred and six, must be sustained by affidavits showing their truth, and may be controverted by affidavits."

These statutes are mandatory in their character, as their reading will show. The highest courts of several states have construed them in this light, as will be seen by reference to Harris v. Ray, 15 B. Mon. 628; Odell v. Sargent, 3 Kan. 80; Killip v. Mill Co., 2 Nev. 34; Richmond's Adm'x v. Wardlaw, 36 Mo. 313; Ellsassor v. Hunter, 26 Cal. 279.

In this case we cannot do better than to adopt the language of Judge WAGNER in Richmond's Adm'x v. Wardlaw, supra, in delivering the opinion of the court, wherein he says: "The sum of the whole matter seems to be this: A party sleeps on his rights until the time allowed him by law to make a motion for a new trial expires;

he can no longer claim to make his motion as a matter of right." Continuing, the learned judge says: "If the court refuses to grant the party a new trial, no error will lie, because no law authorized him to make the motion after the four days expired, and this is a proper punishment for neglecting to assert his rights in due time."

The record in this case shows that the verdict of the jury was rendered on the 14th of December, 1876. *Vide* page 116 of the printed record before us. The motion for a new trial was not filed until the 16th of February, 1877,—more than 60 days after the verdict was rendered. And there is nothing in the motion, or accompanying the motion, to show that the party filing said motion had been theretofore "unavoidably prevented." But it will be urged that the court extended the time for filing said motion for a new trial until the end of the then present term of the district court. The extract of the record giving this permission, or rather undertaking to do it absolutely in the face of the mandatory words of the statute, is as follows, (*vide* page 116 of the printed record,) nothing being omitted of the entry:

"November Term, 1876. Saturday, Dec. 16, 1876. Clark W. Upton, Assignee of Great Western Insurance Company, *v.* Thomas A. Kent. On application of W. W. Corlett, Esq., of counsel for defendant, it is ordered by the court that the time for filing a motion for a new trial herein be extended to the end of the present term of this court."

In the first place it would be a sufficient objection to this entry to say that, taking the entry for all that it is worth, or purports to be worth, it was purely *ex parte*. The journal entry utterly fails to show the presence of both parties at the time, and no party could be bound by any such proceeding if not present, either in person or by counsel. As is justly said by Powell, App. Proc.: "When a motion is to be made in any manner affecting a judgment or the rights of the opposite party, or to amend, or to avoid, or to reform the judgment or pleadings, or otherwise affecting the rights of the party, where they are not already in court to hear the motion and to meet it, it is necessary that the party making the motion should give the opposite party, or his attorney, due notice of the time when, and the grounds upon which, the motion is to be made, or such proceedings themselves would be erroneous; for it is a general rule, in all cases affecting the rights or in-

McLaughlin v. Upton.

terests of others, that the opposite party should have due notice thereof, or such proceedings would be erroneous or void, except in such proceedings as are strictly *ex parte.*" But it is utterly invalid, for the reason that no such motion is known to the law. As the supreme court of Kansas says, in the case of Odell v. Sargent, 3 Kan. 80: "A motion for leave to make a motion for a new trial [practically that was the order before recited, of December 16, 1876, extending the time for filing the motion for a new trial,] is one unknown to the law, and is a nullity. It was an anomalous motion, and utterly unavailing as an expedient and as a substitute for the law which requires such a motion to be upon written grounds, and when the motion is filed in writing after the three days during which the motion for a new trial is a matter of right, it is equally clear that there must be affirmative matter in writing in the motion or accompanying it showing that the party has been unavoidably prevented from earlier making such motion. And even then such affirmative showing that a party has been unavoidably prevented from making the motion within the statutory period is not to be taken as of course true, but may be traversed." And failing thus to bring himself under the mandatory provisions of the law, as in this case, the party standing upon such a motion must fail. To do otherwise would be to alter the law by judicial authority in spite of the legislative will.

We are aware that in thus holding we are setting aside a ruling and decision on this question, passed upon by this court in 1879, in this case, on a motion then made to dismiss. In thus reversing our own court in this matter, we cannot do better than to quote the words of Judge WHITE, when pronouncing the opinion of the full court in Mead v. McGraw, 19 Ohio, 63: "Upon full consideration of the subject," says the learned judge, "both in the light of principle and authority, we are led to the conclusion that the rule of law was incorrectly stated." This is not a case in which we should forbear to correct the error on the principle of *stare decisis.* It is not a rule of property involved, but a rule affecting the practical administration of justice, and which, if wrong, ought at the earliest opportunity to be corrected.

In Little **v.** Smith, 4 Scam. 402, the supreme court of Illinois has decided in the same way, not hesitating to correct an error affecting practice.

v.3WYO.—4

In these states the courts held differently at different times, and reversed themselves in different cases. Here, we are correcting on full reflection an error made in the same case; we do so now, because we believe the former decision in this case was clearly erroneous. It was then passed upon, doubtless hurriedly; but in any event, as we have said, it is to our minds clear that the statutes regulating the time within which motions for new trials may be filed are mandatory. That being mandatory, a mere oral *ex parte* application in a lower court cannot extend the power of that court in the matter in the face of the explicit words of the statute. That, unless such a motion has been made in the court below, as required by our laws and rule No. 6 of this court,—then rule No. 5,—there is no jurisdiction here to review a record brought up without these essential elements, as in this case. A decision that a statute regulating new trials is directory, or that it lies within the power of the court below to extend the time for filing such a motion beyond the time allowed by statute, unless accompanied by a showing that the party applying was unavoidably prevented, is without light or landmark in English or American jurisprudence, as we believe. As the supreme court of Nevada say in a similar case, so we repeat here: "We have made no examination of the merits of the case. For such purpose the case is not before us."

As no error lies in this case, the judgment of the court below must be affirmed.

PARKS, J., concurs. BLAIR, J., dissents.