David Edwin MULLEN, Appellant
(Defendant below),

v.

CITY OF CHEYENNE, Appellee (Plaintiff
below) (two cases).

Nos. 4003, 4004.

Supreme Court of Wyoming.

Feb. 17, 1972.

W. Perry Dray, of Hirst & Applegate, Cheyenne, for appellant.

William A. Riner, City Atty., Cheyenne, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This litigation arose as a result of two separate convictions of defendant in the municipal court of the City of Cheyenne, Wyoming, for operating a motor vehicle while under the influence of intoxicants.

On February 28, 1968, defendant was found guilty in the municipal court of operating a motor vehicle while under the influence of intoxicants in violation of a Cheyenne city ordinance. On November 20, 1968, defendant, on a separate offense, was found guilty of operating a motor vehicle while under the influence of intoxicants. He timely perfected appeals in both cases to the district court.

Nothing further was done in either case until March 19, 1971, when the City filed a motion to dismiss these two appeals along with 23 other appeals in which the City of Cheyenne had been plaintiff. The district court, on March 19, 1971, entered its order dismissing the 25 appeals upon the ground there was no diligent prosecution of the appeals by the defendant in each case. This defendant was represented by counsel in both cases. No notice of the motion or the impending order was given to counsel or this defendant. The defendant seasonably filed his notice of appeal to this court.

The sole issue in both cases is whether or not the district court was obligated to give the defendant the opportunity to respond to the motion to dismiss before action was taken thereon by the district court.

■ The parties have not cited nor are we aware of any statutes or rules requiring notice in such proceedings. We do, however, feel that justice dictates the implied requirement of reasonable notice. As the Supreme Court of the Territory of Wyoming said in a case [1] decided in 1883,

"* * * As is justly said by Powell, App.Proc.: 'When a motion is to be made in any manner affecting * * * the rights of the opposite party, * * * where they are not already in court to hear the motion and to meet it, it is nec-

1. Kent v. Upton, 3 Wyo. 43, 2 P. 234, 236.

essary that the party making the motion should give the opposite party, or his attorney, due notice of the time when, and the grounds upon which, the motion is to be made, or such proceedings themselves would be erroneous; for it is a general rule in all cases affecting the rights or interests of others, that the opposite party should have due notice thereof, or such proceedings would be erroneous or void, except in such proceedings as are strictly *ex parte*. * * *' "

Also, as we said in Barrett v. Oakley, 40 Wyo. 449, 278 P. 538, 541,

" * * * as stated in Hellier v. Loring, 242 Mass. 251, 136 N.E. 248, where the court said: 'Where the principles of natural justice demand that rights be not affected without an opportunity to be heard, then, notwithstanding the silence of the statute, courts will not proceed to an adjudication without notice and hearing. [Citations.]' "

The thoughts expressed in these early Wyoming cases have been carried forward in several recent decisions. As stated in Edgar v. Garrett, 10 Ariz.App. 98, 456 P. 2d 944, 946,

" * * * It is fundamental to justice and fair play that a party be afforded an opportunity to be heard on matters which affect his interests. [Citation.]"

█ An order such as was entered here may not be entered ex parte. As we recently said in Shafsky v. City of Casper, Wyo., 487 P.2d 468, 469, the principles of law as set down in Wagner[2] are that the defendant's failure to bring on his appeal within a reasonable time and without excuse entitled the city to a dismissal for want of prosecution by the defendant. At most then the city may be entitled to a dismissal unless the defendant can show some reasonable cause for his failure to proceed. The defendant is certainly entitled to make such showing and he cannot be deprived of such entitlement by an ex parte proceeding.

We make no determination of the merits of the motion as that question is not before us.

During oral argument we were advised by counsel that these cases were not considered upon the calling of the docket. It appears to us that had they been called proper disposition could have been timely made.

Reversed and remanded with instructions that the district court vacate its order dismissing the appeals of this defendant.

GRAY, J., was a member of this Court when this matter was heard, but he did not participate in the hearing or opinion.

---

2. City of Casper v. Wagner, 74 Wyo. 115, 284 P.2d 409.