Carl A. JOHNSON, Appellant
(Plaintiff below),

v.

The BOARD OF COMMISSIONERS OF LARAMIE COUNTY, State of Wyoming (Elmo Foster, Dean Fogg and Winifred Hickey), Appellees (Defendants below).

No. 4958.

Supreme Court of Wyoming.

Dec. 29, 1978.

Carl A. Johnson, pro se.

John F. Lynch, Chief Deputy County and Pros. Atty., Laramie County, for appellees.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS, and ROSE, JJ.

PER CURIAM.

This is an appeal from an order of the district court in dismissing appellant's action for failure to diligently prosecute it.

Appellant filed his complaint on March 15, 1976. The trial court sustained a motion to dismiss on August 26 and granted plaintiff 15 days in which to file an amended complaint, which he did on September 10. Defendant then filed another motion to dismiss on September 27. The record reflects no further action of any kind until January 13, 1978, when the court dismissed the action because there had been "no substantial action toward disposition or closing for the past six months." This was done under Rule 14 of the Uniform Rules for District Courts adopted by the First Judicial District and effective October 1, 1966, which provides:

> "Cases on the docket in which no substantial and bona fide action towards disposition has been taken for six (6) months are subject to dismissal for lack of prosecution."

Plaintiff then filed a motion for new trial which was not presented to the court and followed this with a notice of appeal on February 10, 1978, directed at this order of dismissal.

In pursuit of this appeal appellant has filed a so-called brief, in no manner devoted to the question of the propriety of this dismissal but which is a collection of esoteric legal theories directed at what he conceives to be the merits. Only peripherally in his argument and in his brief does appellant point to appellees' failure to serve a notice of hearing of motion, which he states is required by a certain unnumbered rule of the First Judicial District of Wyoming

which requires that each motion filed shall include a notice of hearing of motion. This rule, however, became effective on October 1, 1977, approximately a year after defendant's motion was filed, and of course could not be applied here.

■ Because of the tenor of the brief and the confusion as to the applicability of the rule, it appears just as well that we enunciate certain general principles applicable to such dismissals. Absent any such rules, the court has inherent power to dismiss any action upon its own motion for lack of prosecution, *Moshannon Nat. Bank v. Iron Mountain Ranch Co.,* 45 Wyo. 265, 18 P.2d 623, 628–629; see also, *Link v. Wabash Railroad Company,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, rehearing denied 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112, which cites *Moshannon* in its approval and discussion of such rules. It would appear, then, that absent any such rules to secure reversal an appellant would have the burden of demonstrating an abuse of discretion, and no such attempt is made here.

■ The dismissal of a suit for want of prosecution lies within the sound discretion of the trial court; *Stoot v. Southern Pacific Company,* Tex.Civ.App., 527 S.W.2d 765, 767; *Mely v. Morris,* Alaska, 409 P.2d 979, 982; *Preiss v. Good Samaritan Hospital,* 171 Cal.App.2d 559, 340 P.2d 661, 664. Appellant has not sustained any burden of demonstrating an abuse of discretion on the part of the trial court.

■ The plaintiff cannot escape the duty of expediting the case, *Moshannon, supra,* 18 P.2d at 663; *Rathbun v. Sparks,* 162 Colo. 110, 425 P.2d 296, 299; *Preiss v. Good Samaritan Hospital, supra,* 340 P.2d at 663. Appellant may not rest upon the failure to secure a hearing upon the motion, even if we were to apply the rule for which he contends. It is to be remembered that the plaintiff is the one who sets in motion the legal machinery and cannot escape responsibility for undue delay by inattention to his claim.

■ In addition to the district court rules which we have cited, and the inherent powers which lie in the court, Rule 41(b)(2), W.R.C.P., also provides for a dismissal upon the court's own motion of any action not prosecuted or brought to trial with due diligence. We are inclined to agree that to allow a file to lie completely dormant from September 27, 1976, until January 13, 1978, being a term of approximately 16 months, is clearly a lack of diligent prosecution and that the dismissal thereof does not involve an abuse of discretion.

Affirmed.