Charles E. WOOD, Appellant (Appellant-Defendant),

v.

CITY OF CASPER, Appellee (Appellee-Plaintiff).

No. 5791.

Supreme Court of Wyoming.

April 1, 1983.

---

Ronald L. Brown and Donn J. McCall of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellant.

Richard H. Peek, City Atty., Casper, for appellee.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

THOMAS, Justice.

The significant question presented for review by this appeal is whether a district court, in its role as an intermediate appellate court, properly can dismiss an appeal taken from a criminal conviction in a municipal court, which otherwise has been perfected, because of the failure of the appellant to seek hearing or argument before the district court. The district court granted a motion to dismiss the appeal premised upon a "lack of prosecution." We conclude that the district court improperly dismissed the appeal, and we shall reverse that disposition.

Charles E. Wood, the appellant, was charged with violations of the Uniform Act Regulating Traffic on Highways by complaints filed in the municipal court of the City of Casper. These offenses were charged as having occurred on October 22, 1980, and specifically were for reckless driving in violation of § 31–5–229, W.S.1977, and leaving the scene of an accident in violation of § 31–5–1102, W.S.1977. Both of these statutory provisions have been adopted by § 24–1 of the Casper City Code. The appellant entered pleas of not guilty to both charges and demanded a jury trial. Trial was held to the court on April 2, 1981, and Wood was found guilty of both charges. A maximum fine for both charges in the amount of $410 was imposed, and counsel for Wood stated that "the Defendant does intend to appeal this."

A notice of appeal was filed in the municipal court of the City of Casper on April 13, 1981, and this same notice of appeal was filed in the District Court of the Seventh Judicial District in Natrona County on April 23, 1981. The record on appeal also was filed in the district court on April 23, 1981. On May 1, 1981, a Motion for Extension of Time Within Which Appellant May File His Brief, together with a Stipulation for Entry of Order Extending Time Within Which Appellant May File His Brief, was filed in the district court. Both documents recited that they were made pursuant to Rule 23(f) of the Wyoming Rules of Criminal Procedure for Justice of the Peace Courts and Municipal Courts and Rule 5.01 of the Wyoming Rules of Appellate Procedure. By an Order Extending Time Within Which Appellant May File His Brief, which referenced the same rules, the district court extended the time for filing appellant's brief to and including May 19, 1981. Thereafter by stipulation and joint motion referencing the same rules, and another similar order, the time for appellant to file his brief was extended to and including May 29, 1981, on which day appellant's brief was filed. Then on June 26, 1981, there was filed a Stipulation and Joint Motion for Extention [sic] of Time Within Which Appellee May File His Brief, and an Order Extending Time Within Which Appellee May File Its Brief which extended the time for the City of Casper to file its brief to and including July 29, 1981. Both of these documents also referenced Rule 23(f), Wyoming Rules of Criminal Procedure for Justice of the Peace Courts and Municipal Courts, and Rule 5.10 of the Wyoming Rules of Appellate Procedure.

Nothing further occurred in the file until July 6, 1982, on which date the City of Casper filed its Motion to Dismiss Appeal, stating as a ground therefor "lack of prosecution." After a hearing on August 16, 1982, the district court entered its Order in which it recited "that said Motion should be approved and granted" and pursuant to which the Wood appeal was dismissed. This appeal then is taken from this order of the district court.

In arguing his appeal to this court the appellant presents the following issues for review:

"I. WHETHER, IN LIGHT OF THE EXPRESS LANGUAGE OF RULE 6.01, W.R.A.P., GOVERNING SETTINGS AND APPEARANCES BEFORE DISTRICT COURTS SITTING AS INTERMEDIATE COURTS OF APPEAL, THE DISTRICT COURT ERRED IN EXERCISING DISCRETION (NOT CONFERRED IN THE WYOMING RULES OF APPELLATE PROCEDURE) TO DISMISS THE APPEAL OF APPELLANT FOR LACK OF PROSECUTION.

"II. WHETHER, IN THE EVENT IT IS DETERMINED THE DISTRICT COURT HAD DISCRETION TO DISMISS THE APPEAL, THAT COURT, NEVERTHELESS, ABUSED THE EXERCISE OF ITS DISCRETION IN THE CIRCUMSTANCES OF THIS CASE."

The City of Casper makes a counter-statement of issues, which it states as follows:

"1. WHETHER THE PROVISIONS OF RULE 23, W.R.Cr.P.J.C., DEALING WITH APPEALS FROM MUNICIPAL COURTS, IS APPLICABLE.

"2. WHETHER THE DISTRICT COURT, ACTING AS THE APPELLATE COURT, HAD THE DISCRETION TO DISMISS THE APPEAL OF APPELLANT FOR LACK OF PROSECUTION.

"3. WHETHER THE DISTRICT COURT, ACTING AS THE APPELLATE COURT, ABUSED ITS DISCRETION IN DISMISSING THE APPEAL OF APPELLANT FOR LACK OF PROSECUTION UNDER THE CIRCUMSTANCES OF THIS CASE."

When this court, on January 1, 1975, adopted the Wyoming Rules of Criminal Procedure for Justice of the Peace Courts and Municipal Courts, a change was effected in the manner of review of criminal cases which were appealed from justice of the peace courts and municipal courts. Prior to that time the taking of an appeal resulted in a trial de novo in the district court. Rule 23(a), W.R.Cr.P.J.P.C., provided in pertinent part as follows:

" * * * No trial anew in the district court is provided, and all appeals shall be tried on questions of law."

The effect of this language was to change from a trial de novo to a review in the district court based upon the record from the justice or municipal court.

Prior to that time this court had been committed to a requirement that one appealing from a judgment of a justice of the peace court or a municipal court had an obligation to bring his appeal before the district court for a new trial within three terms of the district court after the appeal was taken, and failing, without excuse, to do so, his appeal was subject to dismissal for want of diligent prosecution. *Shafsky v. City of Casper*, Wyo., 487 P.2d 468 (1971), and authorities cited therein.

In this case the position of the district court was not articulated in its order. We may fairly assume, however, that the arguments made here reflect the arguments which were made before the district court, and to that extent they are indicative of the position of the district judge. In the appellant's brief considerable attention is devoted to Rule 14 of the Uniform Rules for the District Courts of the State of Wyoming. This rule provides as follows:

"Cases on the docket in which no substantial and bona fide action towards disposition has been taken for six (6) months are subject to dismissal for lack of prosecution."

The appellant's brief then recites in detail the practice of the court in the Seventh Judicial District of furnishing notices prior to term time of cases which may be subject to dismissal under that rule. The appellant also recognizes the decision in *Shafsky v. City of Casper*, supra. From these arguments and those in the brief of the City of Casper supporting the action of the district court we conclude that the district court dismissed this appeal relying upon Rule 14 of the Uniform Rules for the District Courts of the State of Wyoming together with the rule which is reiterated in *Shafsky v. City of Casper*.

Wood, in seeking to avoid the application of those concepts, argues that the appeal to the district court is governed by the Wyoming Rules of Appellate Procedure because Rule 1.01, W.R.A.P., provides:

"All appeals to the district court and Supreme Court shall be governed by these rules."

The appellant then turns to Rule 6.01, W.R.A.P., which provides as follows:

"The clerk will notify counsel by mail or telephone of cases set for hearing. Counsel for either or all of the parties, when wishing to submit a case upon briefs, may avoid personal attendance at court by filing a written direction to the clerk to so submit upon briefs. A motion to postpone a hearing beyond the time assigned may be heard without argument in the discretion of the court, but a reasonable time may be allowed upon request for a showing by a party for or against the motion."

Appellant's argument then is that the appeal to the district court was perfected, and the only thing remaining to be done was to hear argument of the appeal. Appellant contends that the effect of Rule 6.01, W.R.A.P., is to impose upon the court and its clerk the duties of setting the case for hearing and notifying counsel, and this requirement governs over that of the local rules of practice pursuant to which counsel in civil cases have the obligation of seeking a setting of cases which are ripe for disposition.

■ We find that we are in agreement with the position of the appellant in this case. When an appeal from a municipal court to a district court has been perfected except for the setting of the case for argument by the district court there is no authority for the district court to dismiss the case for lack of prosecution. Under these circumstances the duty of the district court is to decide the case. Particularly is this true in an instance such as this in which, contrary to its practice in most other cases, it appears that there was no forewarning to the appellant of any disposition on the part of the district court to dismiss the case.

Without regard to any philosophical differences about the management of court dockets, we hold that when an appeal has been perfected except for argument of the appeal the district court should set the case for argument, and it has no authority to dismiss for lack of prosecution in the absence of reasonable notice which would have the effect of advising the appellant that it is necessary that a hearing be requested before the district court. *Mullen v. City of Cheyenne,* Wyo., 493 P.2d 1043 (1972). We distinguish *Shafsky v. City of Casper,* supra, and the cases cited therein simply by virtue of the adjustment from a trial de novo procedure to a review procedure.

We note that Rule 14 of the Uniform Rules for District Courts of the State of Wyoming was adopted primarily because of specific authority granted in Rule 83 of the Wyoming Rules of Civil Procedure. Similar authority is granted in Rule 52 of the Wyoming Rules of Criminal Procedure, but the matter of dismissal of criminal cases is controlled by Rule 45 of the Wyoming Rules of Criminal Procedure, and Rule 14 of the Uniform Rules of the District Courts would be inconsistent therewith if it were applied to criminal cases. Significantly, the Wyoming Rules of Appellate Procedure do not encompass any authorization for the adoption of local rules pertaining to appeals. For this reason we also would reject the application of Rule 14 of the Uniform Rules for District Courts as a ground for dismissal of Wood's appeal.

■ The City of Casper, as a ground for sustaining the dismissal by the district court, urges the proposition that the appellant's brief was late under Rule 23(f), W.R. Cr.P.J.C. That provision in the rule is as follows:

"A written brief setting out matters relied upon as constituting error and outlining any arguments to be made may be filed in the district court within ten (10) days after certification of the record. A copy of the appellant's brief shall be served upon the appellee. The appellee may file an answering brief within ten

(10) days after such service. A reply brief may be filed within ten (10) days after the service of answering brief. In the discretion of the district court the time for filing briefs may be extended."

The City of Casper also notes that in *Jensen v. State,* Wyo., 622 P.2d 1374 (1981), this court relied upon the provisions of Rule 23(b), W.R.Cr.P.J.C., even though it earlier had noted the provision of Rule 1.01, W.R. A.P. This point raised by the appellee is consonant with an argument by the appellant that there does exist a conflict between the rules. To the extent that it may be necessary to resolve that conflict it is our view that once the appeal was docketed in the district court the Wyoming Rules of Appellate Procedure, as adapted where appropriate, would control with respect to briefing and other matters before the appellate court. While there may be a conflict with respect to the taking of the appeal prior to docketing in the district court, the specific provisions of Rule 23(b), W.R. Cr.P.J.C., would be invoked in accordance with *Jensen v. State,* supra. In this regard we do note that effective January 1, 1983, the Wyoming Rules of Appellate Procedure for Courts of Limited Jurisdiction, by Rule 27, superseded the provisions of Rule 23, W.R.Cr.P.J.C., and there would be no prospective conflict such as that argued in this case.

With respect to the argument of the appellee based upon Rule 23, W.R.Cr.P.J.C.,

the short answer is that the district court did extend the time for filing briefs, which it specifically had discretion to do in accordance with the language of Rule 23(f), W.R. Cr.P.J.C. We also note, in this regard, that the appellee twice stipulated with the appellant for extensions of time in which to file the appellant's brief, relying upon the provisions of that rule, and later the appellee obtained the stipulation of appellant to extend the time for filing its brief in accordance with that rule. Under these circumstances it well may be that the appellee is estopped from contending that the rule foreclosed the extensions.

Finding that there was no authority for the district court to dismiss this appeal for "lack of prosecution," we reverse the judgment of the district court with instruction that it reinstate this appeal and proceed to a disposition of the case on the merits. Under the circumstances there is no need for us to consider the contention of the appellant that there was an abuse of discretion on the part of the district court. The district court had no authority, discretionary or otherwise, to dismiss this appeal.