**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

GARY GENE CAPSHAW,

　　　　Petitioner-Appellant,

v.

MICHAEL MURPHY, Acting Warden,
Wyoming State Penitentary; and
PATRICK J. CRANK, Attorney
General, State of Wyoming,

　　　　Respondents-Appellees.

No. 05-8061
(D. Wyoming)
(D.Ct. No. 03-CV-258-CAB)

_____

**ORDER AND JUDGMENT** [*]

_____

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

_____

　　　　After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

_____

　　　　[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Gary G. Capshaw, a state prisoner appearing *pro se*,[1] filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting myriad claims. The federal district court denied relief and subsequently denied Capshaw's motion for a certificate of appealability (COA). Capshaw appealed, again requesting a COA. His request raised several issues,[2] but fewer than he asserted in the district court. We granted a limited COA and ordered briefing on one issue: whether the dismissal of Capshaw's state post-conviction petition for failure to prosecute is an independent and adequate state procedural ground resulting in a default of his claims. After consideration of the parties' briefs and a more complete record, we REVERSE and REMAND.

**I. Background**:

The parties are familiar with the underlying facts; they will not be fully

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] In addition to the application of the procedural bar at issue in this case, Capshaw reasserted five of the claims he presented to the district court: 1) trial counsel was ineffective for failing to challenge evidence obtained by an allegedly illegal search and seizure, 2) trial counsel violated his attorney-client privilege by turning over confidential legal materials concerning his case to the prosecution, 3) appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim on appeal, 4) Chief Justice William U. Hill of the Wyoming Supreme Court reviewed Capshaw's appeal after previously serving as Wyoming Attorney General and performing work related to Capshaw's case, and 5) Chief Justice Hill used information obtained while he was Wyoming Attorney General to deny Capshaw's appeal.

restated.[3]  According to the limited record before us, Capshaw filed his state post-conviction petition on December 28, 2001.  Wyoming filed a Combined Answer and Motion to Dismiss the petition on January 28, 2002, which was followed by Capshaw's response to the motion to dismiss filed on February 7, 2002.  Apparently, the case sat for almost seventeen months without any activity until Capshaw filed a Motion for Leave to Amend Petition for Post-Conviction Relief on July 1, 2003, which was denied on July 13, 2003.  On July 25, 2003, Capshaw filed a Motion to Reconsider Leave to Amend, followed by a Motion to Expedite on September 30, 2003.  Wyoming filed a Motion to Submit its Pending Motion to Dismiss on October 3, 2003, after which the state trial court conducted a hearing on October 17, 2003.  On October 21, 2003, the state trial court issued an Order Following Hearing in which it granted Capshaw's motion for reconsideration for leave to amend, placed his Motion to Expedite "under advisement," and stated it would "proceed to decide the State's Motion to Dismiss Petition for Post Conviction Relief without further submittals or hearing."

---

[3] Capshaw challenges his Wyoming conviction for conspiracy to sell methamphetamine that culminated in *Capshaw v. Wyoming*, 11 P.3d 905 (Wyo. 2000). This is to be distinguished from his challenge to a separate drug conviction culminating in *Capshaw v. Wyoming*, 10 P.3d 560 (Wyo. 2000), for which we affirmed the denial of a habeas petition.  *See Capshaw v. Abbott*, 100 Fed. Appx. 799 (10th Cir. 2004) (unpublished).  Capshaw also filed a third habeas petition contesting an escape charge, as well as a § 2241 petition challenging a prison lock-down.  *See Capshaw v. Abbott*, 04-CV-62 (D. Wyo. 2005) (unpublished), *appeal dismissed by*, *Capshaw v. Abbott* (No. 05-8033) (10th Cir. Jul. 26, 2005); *Woodruff v. Everett*, 43 Fed. Appx. 244 (10th Cir. 2002) (unpublished).

(Appellee's App. Exh. E at 2.) On October 29, 2003, it issued an order dismissing Capshaw's petition, stating that after the State's motion to dismiss and Capshaw's response to the motion were filed:

> no action of record whatsoever was taken towards disposition of the case for over fifteen (15) months, . . . there were no filings, no entries of record, no requests for setting, or other action undertaken toward disposition of the pending Petition for Post Conviction Relief . . . [.] Rule 203(c) of the Uniform Rules for the District Courts provides that cases on the docket in which no substantial and bona fide action of record towards disposition has been taken for ninety (90) days are subject to dismissal for lack of prosecution, and . . . accordingly, the Petition for Post Conviction Relief filed December 28, 2001, should be dismissed for lack of prosecution.

(R. Doc. 18 at 6.)

Following an unsuccessful request to the Wyoming Supreme Court for review, Capshaw filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In federal district court, the State admitted a number of Capshaw's claims were properly raised in his direct appeal, but argued the district court correctly determined those claims were barred by an independent and adequate state procedural bar, *i.e.*, Rule 203(c). The federal district court agreed and dismissed Capshaw's habeas petition based, inter alia, on the procedural bar.[4] We granted a COA in this case primarily due to the dearth of published Wyoming case law applying Rule 203(c) and Capshaw's provision of cases that inconclusively bore

_____

[4] The district court also found one of Capshaw's ineffective assistance of counsel claims (Claim V) to be without merit.

-4-

on the uniform application of Rule 203(c).

**II. Discussion**:

Capshaw argues Rule 203(c), applied by the state trial court to dismiss his post-conviction petition, "has not been applied regularly nor strictly in other cases" and thus can not serve as a procedural bar to his habeas petition. (COA Petition at 4.) Specifically, he claims the over fourteen month delay[5] in the state proceedings occurred because he thought the district court was deciding his case. He argues that because he filed his petition and responded to the State's Motion to Dismiss, he was not obligated to file any additional motions, and in any event, should have been given notice prior to dismissal.

"On habeas review, this Court will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental

---

[5] We derive this number by reading Rule 203(c) in concert with Wyoming Rule of Civil Procedure 6(c)(2), which provides in relevant part that "[a] motion not determined within 90 days after filing shall be deemed denied." We read "bona fide action of record" in Rule 203(c) to include constructive denials of motions based on operation of the rules of civil procedure. To do otherwise would penalize a petitioner who relied on the rules of civil procedure to allow the district court to deny a motion to dismiss his petition by operation of Rule 6(c)(2), only to find the petition itself dismissed. Applying our interpretation of the operation of Rule 203(c) and Rule 6(c)(2) to this case, we note the last action of record was the constructive denial of Wyoming's January 30, 2002 Combined Motion to Dismiss on April 30, 2002. Including the constructive denial, Capshaw's period of inactivity decreases by approximately eighty days, leaving approximately fourteen months between the constructive denial on April 30, 2002, and Capshaw's Motion for Leave to Amend Petition for Post-Conviction Relief filed on July 1, 2003.

miscarriage of justice." *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998). "Independent state procedural grounds are those that rely exclusively on state law as a basis of decision." *Smith v. Mullin,* 379 F.3d 919, 925 (10th Cir. 2004). However, a state procedural default rule is adequate to preclude federal review only if it is consistently and evenhandedly applied. *Id.* Whether the state procedural bar is adequate "is itself a federal question." *Lee v. Kemna,* 534 U.S. 362, 375 (2002) (quotation omitted).

A "'state-court procedural default . . . is an affirmative defense,' and . . . the state is 'obligated to raise procedural default as a defense or lose the right to assert the defense thereafter.'" *Hooks v. Ward*, 184 F.3d 1206, 1216 (10th Cir. 1999) (quoting *Gray v. Netherland,* 518 U.S. 152, 165-66 (1996)). This is because "the state is undoubtedly in a better position to establish the regularity, consistency and efficiency with which it has applied [the procedural rule] in the past . . . than are habeas petitioners, who often appear *pro se*, to prove the converse." *Id*. at 1216-17. Thus, "the state bears the burden of proving the adequacy of a state procedural bar in order to preclude federal habeas review." *Id*. at 1217.

> This is not to say, however, that a petitioner has no responsibility to put the adequacy of the state procedural bar at issue before the state is required to come forward with its proof. Once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden to place that defense in issue shifts to the petitioner. This must be done, at a minimum, by specific allegations by the petitioner as to the inadequacy of the state procedure. The scope of the

state's burden of proof thereafter will be measured by the specific claims of inadequacy put forth by the petitioner.

*Id.* Mere allegations that the state procedural bar is inadequate, without supporting legal authority or argument, do not qualify as "specific allegations . . . as to the inadequacy of the state procedure" sufficient to define the "scope of the state's burden of proof thereafter." *Id.*

In this case, Capshaw's state post-conviction petition, which included his claims of ineffective assistance of trial and appellate counsel and claims regarding Chief Justice Hill, was dismissed for failure to prosecute under Rule 203(c). Under Rule 203(c), a district court may dismiss a claim in which no action is taken for ninety days.[6] *See also In Interest of DG*, 916 P.2d 991, 994 (Wyo. 1996) (Wyoming courts have inherent power to dismiss actions, *sua sponte*, for failure to prosecute). Dismissals for failure to prosecute are without prejudice.[7] WYO. R. CIV. P. 41(b)(2) ("Upon its own motion the court may dismiss without prejudice any action not prosecuted or brought to trial with due diligence."); *Harlow v. Wyoming*, 105 P.3d 1049, 1054 n.1 (Wyo.) ("Although post-conviction relief proceedings are a continuation of the criminal case, they are

---

[6] Rule 203(c) provides that: "Cases on the docket in which no substantial and bona fide action of record towards disposition has been taken for 90 days are subject to dismissal for lack of prosecution." U. R. D. C. Wyo. 203(c).

[7] However, this is cold comfort for Capshaw, who could no longer timely re-file his petition for post conviction relief. WYO. STAT. § 7-14-103(d) ("No petition under this act shall be allowed if filed more than five (5) years after the judgment of conviction was entered."). Capshaw was sentenced by the state district court in September 1997.

conducted pursuant to the rules of civil procedure."), *cert. denied*, 126 S.Ct. 63 (2005).

Although there are few published Wyoming cases discussing Rule 203(c), the Wyoming Supreme Court has discussed generally the district courts' ability to dismiss cases for failure to prosecute. In *Johnson v. Board of Commissioners of Laramie County*, the Wyoming Supreme Court stated "[t]he dismissal of a suit for want of prosecution lies within the sound discretion of the trial court" as well as various Wyoming court rules. 588 P.2d 237, 238 (Wyo. 1978).[8] The court went on to explain that "[t]he plaintiff cannot escape the duty of expediting the case[. The plaintiff] may not rest upon the failure to secure a hearing . . . . It is to be remembered that the plaintiff is the one who sets in motion the legal machinery and cannot escape responsibility for undue delay by inattention to his claim." *Id*. Thus, the court held "that to allow a file to lie completely dormant . . . [for] a term of approximately 16 months[] is clearly a lack of diligent prosecution and that the dismissal thereof does not involve an abuse of discretion." *Id*.

Capshaw attempted to put the procedural bar at issue in the district court by

---

[8] In *Johnson*, the Wyoming Supreme Court specifically addressed Rule 14 of the Uniform Rules of District Court, a predecessor of Rule 203(c). Rule 14 stated that "[c]ases on the docket in which no substantial and bona fide action towards disposition has been taken for six (6) months are subject to dismissal for lack of prosecution." *Johnson*, 588 P.2d at 237.

citing two Wyoming Supreme Court cases, *Wood v. City of Casper*, 660 P.2d 1163 (Wyo. 1983), and *Mullen v. City of Cheyenne*, 493 P.2d 1043 (Wyo. 1972). He argued these cases establish that the procedural rule has been applied inconsistently and he was entitled to notice before his post-conviction petition was dismissed. (R. Doc. 21 at 5-6.) The district court determined these cases were inapposite because they involved the dismissal of appeals by the Wyoming district courts while serving as appellate courts for municipal convictions. We agree.

Both *Wood* and *Mullen* involve Wyoming district courts acting as intermediate appellate courts for appeals from convictions in municipal courts. *Wood*, 660 P.2d at 1164; *Mullen*, 493 P.2d at 1043. In both cases, the cities filed a motion to dismiss the appeal for failure to prosecute. The state district courts granted the motion, and were in turn reversed by the Wyoming Supreme Court. *Id.* In *Wood*, the Wyoming Supreme Court held:

> when an appeal has been perfected except for argument of the appeal the district court should set the case for argument, and it has no authority to dismiss for lack of prosecution in the absence of reasonable notice which would have the effect of advising the appellant that it is necessary that a hearing be requested before the district court.

*Wood*, 660 P.2d at 1166. Similarly, in *Mullen*, the Wyoming Supreme Court reversed because the defendant was not given notice of the motion to dismiss. *Mullen*, 493 P.2d at 1043-44. Neither case bears upon a Wyoming district court's

ability to dismiss an original petition for failure to prosecute when acting as a court of original jurisdiction. Nor do they bear upon the consistency in which original actions in Wyoming are dismissed for failure to prosecute.

In his petition for a COA to this Court, however, Capshaw cited three unpublished post-conviction district court cases provided to him by the University of Wyoming College of Law — *Burnett v. Wyoming* (No. 24-471), *Leslie v. Wyoming* (No. 5396), and *Solis v. Wyoming* (No. 96-2) (O'Brien, J.) — claiming these cases "could have been, but were not, dismissed for lack of prosecution." (Petitioner's Opening Br. at 9.) On appeal, he has provided the relevant docket sheets in support of his argument. On close examination, the materials provided by Capshaw support his argument that Rule 203(c) is not uniformly or evenhandedly applied in Wyoming district courts.

The docket in the first case, *Burnett v. Wyoming*, reveals an almost seventeen month period of inactivity between the filing of the state's motion to dismiss on July 24, 2001, and the substitution of counsel on December 18, 2002. The case was eventually dismissed on December 12, 2003. The second case, *Leslie v. Wyoming*, however, never presented a ninety day period of inactivity for which the district court could have dismissed under Rule 203(c), as Capshaw concedes in his reply brief. (Reply Br. at 6.) The third case, *Solis v. Wyoming*, presented two ninety-one day periods of inactivity. The first occurred between the filing of petitioner's response to a motion to dismiss on June 17, 1999, and the

-10-

filing of a reply brief by the State on September 16, 1999. The second period occurred between the filing of the petitioner's objection to the state's request for judgment without a hearing filed on October 7, 1999, and the state's request for a hearing on its motion filed on January 6, 2000. The petition was eventually dismissed on February 16, 2000.

Based only on the cases before this Court, it appears the Wyoming district courts have not uniformly dismissed cases under Rule 203(c) after a period of inactivity lasting longer than ninety days. We note in passing that there is a substantial difference between the almost seventeen month period of inactivity in *Burnett* and the ninety-one day periods in *Solis* for purposes of challenging the application of the procedural bar in federal court. When challenging the consistent and evenhanded application of procedural rules, especially discretionary ones, there must be an appropriate degree of factual correspondence between the cases cited in support and the case at bar. Nevertheless, in the present case, Capshaw has adequately put the state bar at issue, especially given the period of inactivity in *Burnett*.

Thus, the burden was on the state of Wyoming to come forward with proof of Rule 203(c)'s consistent and evenhanded application. While state procedural bars do not have to be perfectly applied to qualify as adequate, some demonstration must be made that the bar is "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 424 (1991) (quotation omitted). The

-11-

state of Wyoming failed to do this either in the United States District Court or on appeal to this Court.

Given all the information in this record, we conclude Rule 203 did not serve as an independent and adequate state procedural bar to Capshaw's claims. While the Wyoming district court's dismissal of Capshaw's petition appears entirely appropriate under Rule 203(c),[9] the state of Wyoming failed to meet its burden of demonstrating the consistent application of Rule 203(c) in Wyoming district courts across the board. Thus, Capshaw's claims are not procedurally barred from federal habeas review based on Rule 203(c).

We REVERSE and REMAND to the district court for consideration of

---

[9] Capshaw's argument that the state district court violated his due process rights by dismissing his post-conviction petition for failure to prosecute without notice is easily disposed of. Despite the lack of evidence of individual notice given to Capshaw prior to the dismissal of his post-conviction petition, he was on notice as to the procedural rules governing the operation of the state trial court, including Rule 203(c) and WYO. R. CIV. P. 41(b)(2). *See Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). As the petitioner, Capshaw had the burden to push forward his post-conviction petition after he filed his answer to the state's motion to dismiss and before ninety days passed after the last "bona fide action of record," which we construe in this case as the district court's constructive denial of the state's motion to dismiss. He could have accomplished this by filing his own motion for judgment or requesting a hearing.

-12-

Capshaw's remaining claims consistent with this order and judgment.


                              **Entered by the Court:**

                              **Terrence L. O'Brien**
                              United States Circuit Judge