**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GARY GENE CAPSHAW,

      Petitioner-Appellant,

v.

MICHAEL MURPHY, Warden,
Wyoming Department of Corrections
State Penitentiary; PATRICK J.
CRANK, Wyoming Attorney General,

      Respondents-Appellees.

No. 07-8052
(Case No. 03-CV-258-CAB )
(D. Wyo.)

---

**ORDER**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Pro se Petitioner Gary Capshaw, a Wyoming state inmate, seeks a
certificate of appealability to appeal the district court's denial after remand of his
28 U.S.C. § 2254 habeas petition in which he challenged his conviction for
conspiracy to deliver a controlled substance. Petitioner was convicted in 1997.
After pursuing the state appeals process, Petitioner filed the instant petition in
federal court asserting multiple claims, all of which the district court either

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissed on procedural grounds or denied on the merits.[1]  On appeal, this court

granted a limited certificate of appealability to consider "whether the dismissal of

[Petitioner's] state post-conviction petition for failure to prosecute" under Rule

203(c) of Wyoming's Uniform Rules for the District Courts amounted to "an

independent and adequate state procedural [bar]." *Capshaw v. Murphy*, 197 F.

App'x 758, 759 (10th Cir. 2006).  We concluded it did not and remanded the

claims dismissed on this ground for reconsideration. *Id.* at 764.

On remand, Petitioner then pursued five claims: ineffective assistance of

appellate counsel, ineffective assistance of trial counsel, an attorney–client

privilege violation, judicial misconduct, and violation of his due process rights.

The district court denied Petitioner's claims on remand and denied his subsequent

request for a certificate of appealability.

Petitioner must obtain a certificate of appealability to challenge the district

court's denial of his habeas corpus petition. *See Montez v. McKinna*, 208 F.3d

862, 867 (10th Cir. 2000).  To obtain a certificate of appealability, Petitioner

must make a "substantial showing of the denial of a constitutional right."  28

U.S.C. § 2253(c)(2) (2006).  To meet this burden, Petitioner must demonstrate

"that reasonable jurists could debate whether (or, for that matter, agree that) the

---

[1]In its order denying this habeas petition, the district court thoroughly
outlined the prior state appeals process for this case and the multiple claims
Petitioner originally asserted in federal court before the remand from this court.
We do not repeat that discussion here.

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Petitioner claims the district court erred when it stated that some of his claims were procedurally barred under Wyoming law, Wyo. Stat. Ann. § 7-14-103 (2007), and held that all of his claims failed on the merits. Petitioner did not assert certain claims on direct appeal in the state proceedings. We hold the district court did not err in finding these claims barred based on § 7-14-103(a)(i).[2] We also conclude the district court correctly denied Petitioner's various claims on the merits. Nothing in Petitioner's arguments convinces us he has met our standard for issuing a certificate of appealability. For substantially the reasons set forth in the district court's thorough analysis in its order denying the habeas petition, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2]"A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim: (i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction . . . ." § 7-14-103(a)(i).